■ MARK WELLS, Respondent, v MARYANN WELLS, Appellant. —Mikoll, J. Appeal from a judgment of the Supreme Court (Duskas, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered February 5, 1990 in Franklin County, upon a decision of the court.

Defendant raises two issues* on this appeal: (1) whether Supreme Court correctly held that plaintiff's professional license to practice law was not subject to equitable distribution because it had merged into his profession, and (2) whether Supreme Court properly held that plaintiff's law practice had no value as a marital asset subject to equitable distribution. We conclude that Supreme Court erroneously decided both issues. The judgment should therefore be modified by reversing so much thereof as awarded plaintiff's law practice solely to plaintiff, and the matter should be remitted to allow further proceedings as to the value of plaintiff's professional license and law practice.

Plaintiff and defendant were married on August 21, 1971 after plaintiff had completed his second year of law school. His parents financed his educational expenses and contributed toward the support of the parties. Defendant also contributed to their support during this time by working as a school teacher. About one month after plaintiff was admitted to the bar in February 1973, he became employed as a law assistant to a Supreme Court Justice.

Plaintiff served as a law assistant until he resigned the position in July 1983. He then purchased a private law practice in a small town for $25,000, 85% of which consisted of estate and real estate matters, while the other 15% consisted of miscellaneous matters including a position as an attorney for a school district. The parties separated in February 1986. Thereafter, this action for divorce was commenced and tried before Supreme Court without a jury.

In making its equitable distribution award, Supreme Court

* Plaintiff objects that defendant states in her brief that the "only issue" is whether plaintiff's license is a marital asset subject to marital distribution, thus limiting the appeal to that issue alone. We do not agree. Although defendant's brief is inartfully drawn and organized, defendant adequately argues both the license issue and the propriety of the valuation of plaintiff's law practice in the body of her brief, indicating her intent to challenge both issues.

found that plaintiff's license to practice law had merged into his law practice and, therefore, made no award for his professional license as a marital asset. Supreme Court also found, based on the opinion testimony of plaintiff's expert witness that the asset value of plaintiff's practice as of July 1987 was "nil", that the law practice had no value for equitable distribution purposes.

Plaintiff's contention that Supreme Court properly ruled that his professional license merged with his law practice and should not be separately valued as a marital asset for equitable distribution is rejected. Plaintiff's reliance on *Marcus v Marcus* (137 AD2d 131) overlooks the substantial difference in the factual situation there from the instant case. In *Marcus* the licensed spouse obtained his medical license during the early years of the marriage and developed his psychiatric practice over a period of approximately 30 years *(supra,* at 139). It was noted that "in some cases it would be appropriate to conclude that a spouse's license and practice have not merged * * *. For example, if the licensed spouse's practice was newly established and had not yet developed to its full potential at the time of valuation, the license should be regarded as a separate asset apart from the practice" *(supra,* at 140). Where the licensed spouse moves to another location and has recently opened another practice, the license may reemerge as a significant and valuable asset *(supra; see, Behrens v Behrens,* 143 AD2d 617, 620). Under the present circumstances, it appears that plaintiff had not yet developed a sufficient history of actual earnings in his new practice (open only four years) to warrant the finding that the value of his professional license had merged into his practice *(see, Finocchio v Finocchio,* 162 AD2d 1044, 1046). Thus, Supreme Court erred in holding that a merger had occurred. Separate valuations of the license and the practice should have been made. Because Supreme Court foreclosed defendant from submitting proof on the issue, a remittal for such purpose is required.

Defendant's argument, that Supreme Court erred in its determination of the value of plaintiff's law practice because of the lack of the qualifications of plaintiff's expert witness and the lack of a basis for the court's conclusion on value, is well taken. The record reveals that plaintiff's expert had never valued a law practice, had valued only one professional practice, an accounting practice, and had never visited plaintiff's law office or reviewed the books of the office. This experience did not qualify the witness as an expert in the matter, and receipt of his opinion was an abuse of Supreme

Court's discretion *(see, Arvantides v Arvantides,* 64 NY2d 1033). Further, the testimony of plaintiff's expert that it was "questionable as to whether there was any value at all" to plaintiff's practice and that his earlier statement valuing the practice at $15,000 "was a relatively good value" did not provide a reasonable basis for the expert's opinion testimony. The court also rejected the opinion of defendant's expert as lacking a reasonable basis and found him less credible than plaintiff's expert, even though defendant's expert had previously valued a law practice. We note also that Supreme Court improperly applied the basis used for the valuation of a professional license, "excess earnings", in determining the value of the law practice *(see, O'Brien v O'Brien,* 66 NY2d 576, 582, 586-588; *see also, Holihan v Holihan,* 159 AD2d 685, 686-687). Thus, there was no reasonable basis for Supreme Court's determination of the value of the law practice.

Weiss, J. P., Yesawich Jr. and Crew III, JJ., concur.

Mercure, J. (dissenting). I respectfully dissent. There is no question that a professional license is a marital asset subject to equitable distribution, to be valued in accordance with "the enhanced earning capacity it affords the holder" *(O'Brien v O'Brien,* 66 NY2d 576, 588; *see, Finocchio v Finocchio,* 162 AD2d 1044, 1045), and that, in appropriate cases, the concept of "merger" has been utilized to prevent the double recovery which could result from separately valuing a professional license and practice *(see, e.g., Finocchio v Finocchio, supra; Marcus v Marcus,* 137 AD2d 131, 139). Here, defendant assigns error to Supreme Court's determination that plaintiff's license to practice law had merged into the value of his professional practice and, as a corollary, its failure to separately value the license. However, it is undisputed that defendant's expert offered no evidence of the value of plaintiff's professional license. At trial, the questioning touched on the issue but once, on cross-examination of plaintiff's expert. While Supreme Court did sustain plaintiff's objection to the inquiry on the ground that plaintiff's professional license had merged into his law practice, I disagree with the majority's conclusion that this ruling "foreclosed defendant from proof on the issue". Notably, defendant made no further offer of proof of the value of plaintiff's license *(cf., Marcus v Marcus, supra,* at 138-139) and does not contend on appeal that Supreme Court unduly restricted the scope of her proof, thereby foreclosing our consideration of the issue *(see, Lamphear v State of New York,* 91 AD2d 791). Moreover, I agree with Supreme Court that there was no reasonable basis for the conclusion of

defendant's expert that plaintiff's law practice had a value of between $96,000 and $118,000 *(see, Siegel v Siegel,* 132 AD2d 247, 251-253, *appeal dismissed* 71 NY2d 1021, *lv denied* 74 NY2d 602).

Defendant, having come forward with no evidence of the value of plaintiff's professional license and no credible evidence of the value of his law practice, failed to meet her burden of establishing the value of either *(see, Rosenberg v Rosenberg,* 155 AD2d 428, 430; *Bidwell v Bidwell,* 122 AD2d 364, 366-367). As such, I have no disagreement with Supreme Court's failure to assign any value to those assets, regardless of the correctness of its determination on the issue of merger, and would affirm on that basis.

Ordered that the judgment is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff equitable distribution of his law practice; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.