■ Mary L. Maher, Appellant, v Gerard A. Maher, Respondent. [601 NYS2d 165] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered December 11, 1990, as, after a nonjury trial, (1) held that the defendant husband's law license had merged into his career, (2) declined to award the wife life insurance, (3) limited her award of counsel fees to $10,000, (4) found that a $75,000 post-commencement loan used to satisfy marital obligations was marital debt, and (5) failed to award the wife an interest in the husband's Rolex watch.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by (1) adding to the third decretal paragraph thereof the words "and the defendant is directed to pay an additional distributive award of $3,750 representing one-half the value of the defendant's 18 kt Rolex watch", and (2) increasing the award of counsel fees from $10,000 to $30,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The wife is contesting various provisions of the judgment of divorce, with emphasis on the trial court's failure to award her a distributive share of the defendant husband's license to practice law. In its memorandum decision, the court determined that, while the husband's license to practice law was a marital asset, it had merged with his legal career and, therefore, was not subject to equitable distribution. We agree.

The Court of Appeals has clearly stated that a professional license is a "thing of value" arising out of the marital relationship *(see, O'Brien v O'Brien,* 66 NY2d 576). In *O'Brien,* the husband left the wife two months after receiving his medical license. Prior to that time, the wife had supported herself and her husband. However, at the time of the divorce there were no assets to be distributed other than the husband's medical license. In *O'Brien,* the Court of Appeals determined that the monetary value of the relevant academic credential was to be determined and then distributed as a marital asset *(accord, McGowan v McGowan,* 142 AD2d 355).

However, when a business or practice is of a sufficient duration, the license is deemed to have merged with the business, practice, or career, and thus is not available for equitable distribution *(see, Marcus v Marcus,* 137 AD2d 131; *Kalisch v Kalisch,* 184 AD2d 751). In *Marcus,* the seminal case on merger, the husband had obtained a medical license in 1950, during the marriage, and he subsequently developed his psychiatric practice over a period of 30 years. The psychiatric practice was an ongoing concern at the time of the commencement of the marital action. This Court found that "[c]ertainly in this situation, unlike *O'Brien v O'Brien (supra),* the medical license should be deemed to have merged with and been subsumed by the practice itself. Thus, if the plaintiff were to receive separate awards representing her share in the value of the defendant's license and medical practice, a double recovery might well result" *(Marcus v Marcus, supra,* at 139).

In the instant case, the trial court properly determined that the husband's law license had merged with his legal career. "[T]he equitable considerations that undoubtedly motivated the *O'Brien* court are fundamentally different where the license has been held for a substantial period of time and has merged into a career" *(Parlow v Parlow,* 145 Misc 2d 850, 856; *see, Kalisch v Kalisch, supra).* The theory underlying *O'Brien* was that the nontitle-holding spouse was entitled to the value of the license where the titled spouse had not yet developed a significant history of actual earnings in a new practice *(see, Wells v Wells,* 177 AD2d 779, 780). The factual situation of *O'Brien* is significantly different from that of the present case. The husband herein graduated from law school in 1969. He practiced law from the time of graduation from law school to the present. For the past 24 years, the wife has benefited from the husband's increased earnings and improved life-style resulting from his acquisition of the license to practice law. Moreover, the parties have amassed many valuable assets

during their 28 year marriage which are available for distribution.

Furthermore, contrary to the wife's contentions, the husband's license did not re-emerge as a separate asset (see generally, Wells v Wells, supra; Behrens v Behrens, 143 AD2d 617, 620). Here, while the husband did make several moves during his legal career, he always practiced in the same specialized area of the law. The husband enhanced his legal skills and presumably used his reputation in the field throughout his entire career. Further, at the time of trial the husband was a salaried employee at Orange & Rockland Utilities, and thus, there was no private practice to value and distribute.

As for the award of $10,000 in attorneys' fees, it was an improvident exercise of discretion to award the wife only $10,000 in attorneys' fees (see, Domestic Relations Law § 237 [a]; O'Brien v O'Brien, 66 NY2d 576, 590, supra; Linda R. v Richard E., 176 AD2d 312, 313). Given the great disparity between the incomes of the parties, the award should have been greater. That the wife had received a substantial distribution from the marital property does not preclude a significant award of attorneys' fees (see, Hackett v Hackett, 147 AD2d 611). Therefore, the award of attorneys' fees should be increased to $30,000.

We agree that the value of the husband's Rolex watch should have been included in computing the wife's distributive award. Marital property is broadly defined as "all property acquired by either or both spouses during the marriage" (Domestic Relations Law § 236 [B] [1] [c]). Since there is no dispute that the watch was purchased during the marriage with marital assets, it was a marital asset. Further, the husband testified that its value was $7,500. This value was significant enough to justify its inclusion in the calculation of the distributive award. Accordingly, the wife is entitled to $3,750 as her distributive share of that marital asset.

We have considered the wife's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.