■ DAVID M. PHELPS, Appellant, v CAROL PHELPS, Respondent. [604 NYS2d 339] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 29, 1992 in Saratoga County, upon a decision of the court.

The parties were married in September 1977, as plaintiff was entering his final semester of medical school. After completing a one-year, unpaid pre-internship program, plaintiff began his internship and residency in July 1979, and in 1982 he opened a private practice while still holding a part-time hospital staff position. In 1984, plaintiff expanded his practice into a full-time enterprise, and in 1985 he took on a partner. The partnership was dissolved in 1988, at which time plaintiff purchased an office building and returned to solo practice. Meanwhile, in 1980, following the birth of the first of the parties' three children, defendant, who had contributed $20,000 to the marriage and served as the parties' only source of support while plaintiff was in school and completing his pre-internship year, relinquished her employment as a computer programmer and analyst to become a full-time homemaker and caretaker for the children. She returned to work in 1982, serving on a part-time basis as plaintiff's bookkeeper and office consultant. In 1991 plaintiff commenced this action seeking a divorce and equitable distribution; the parties were ultimately granted a divorce on the grounds alleged in defendant's counterclaim.

In its equitable distribution decision, Supreme Court found

that plaintiff's license to practice medicine had not completely merged with his newly restarted solo practice, and in recognition of defendant's contributions to plaintiff's professional development, awarded her $79,585.16, representing 50% of the value of the medical practice, and also $93,422.95, representing 15% of the value of the medical license. It is from this latter award that plaintiff appeals.

Initially, we find that Supreme Court was justified in predicating the value of plaintiff's medical license on calculations furnished by defendant in a report prepared by a certified public accounting firm. The record shows that that report was received in evidence pursuant to both parties' stipulation.

Further, we disagree with plaintiff's contention that it was wrong for Supreme Court to ascribe independent value to the license—as distinguished from the value of his practice—and to award a portion of the value of the license to defendant. In most cases, once a professional practice has been in operation for several years, the underlying license will be found to have merged into the practice, thus inhibiting a separate award based on the value of the license. The extent of merger that has occurred, if any, however, necessarily turns on the particular circumstances of each case (see, Marcus v Marcus, 137 AD2d 131, 140).

Here, although plaintiff had been in practice for seven years when the divorce action was commenced, he had also changed the form of his business operation several times during those years; as a result his earnings had not yet reached their full potential, nor had they stabilized sufficiently to permit a valuation of his practice which would truly reflect the increased earning capacity he will ultimately enjoy because of acquisition of the license (see, Wells v Wells, 177 AD2d 779, 780). Given these circumstances, it cannot fairly be said that Supreme Court abused its discretion in separately valuing the license and awarding part of the value thereof to defendant, who clearly contributed to its procurement both monetarily and otherwise.

When a professional practice is being developed, and is valued as an ongoing concern, rather than merely on the basis of the tangible assets comprising it, any award derived from such a valuation will necessarily incorporate at least some of the enhanced earning capacity attributable to the license which made the practice possible. On those occasions when discrete awards are made for the practice and the license, the last mentioned must be reduced accordingly, to avoid a double

recovery by the recipient spouse *(see, Marcus v Marcus, supra,* at 139). For this reason, the award of 15% of the value of the license is not inappropriate.

Notwithstanding plaintiff's contrary view, we find Supreme Court's decision adequately articulates specific reasons for each aspect of the distribution, to allow for intelligent appellate review *(see, Monette v Monette,* 177 AD2d 802, 803; *Donnelly v Donnelly,* 144 AD2d 797, 799, *appeal dismissed* 73 NY2d 992). Plaintiff's principal complaint with respect to the form of the decision is that the reason given for the distribution of 15% of the license value to defendant, namely her "contributions to development of the practice", does not constitute a proper basis for such an award. It appears from the record, however, that she contributed significantly to the acquisition of the license itself, by working to support plaintiff while he was in school and serving as an unpaid intern, and by repaying part of his student loans during that time; these factors fully support the award made.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.