■ In the Matter of ROBERT SCHIAVONE, Appellant, v PHYLLIS SCHIAVONE, Respondent. [616 NYS2d 787] —In a proceeding pursuant to Family Court Act article 4 for upward modification of an award of child support, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered November 5, 1992, which denied his objections to an order of the same court (Rodriguez, H.E.), entered September 14, 1992, which, after a hearing, increased his weekly child support obligation from the sum of $75 per week to the sum of $136 per week, retroactive to April 13, 1992, and directed him to pay an additional $4 commencing June 5, 1992, to satisfy arrears.

Ordered that the order is affirmed, without costs or disbursements.

The parties entered into a stipulation of settlement dated April 3, 1990, which obligated the father to pay child support for their son in the amount of $75 per week. The stipulation was incorporated into, but not merged with, the parties' judgment of divorce dated February 11, 1991. In April 1992 the mother commenced this proceeding.

A parent seeking an upward modification of child support must demonstrate an unanticipated and unreasonable change in circumstances (see, Matter of Boden v Boden, 42 NY2d 210) or that the needs of the child cannot be adequately met without an increase in child support (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924). Contrary to the father's contention, the mother met her burden of establishing an unanticipated and unreasonable change in circumstances based on the fact that her yearly income had decreased by approximately one-third. Consequently, an increase in child support was warranted.

We have considered the father's remaining contention and find it to be without merit. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.