■ KAREN L. NOLAN, Appellant, v JOHN F. NOLAN, JR., Respondent. [626 NYS2d 568] —White, J. Appeal from a judgment of the Supreme Court (Viscardi, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered December 17, 1993 in Saratoga County, upon a decision of the court.

In an open-court stipulation, the parties to this matrimonial action chartered their own procedural course by agreeing to mutual divorces and limiting the trial of the equitable distribution issues by providing that they each could testify as to the identity and value of the marital assets. The parties then presented their proof in support of their respective causes of action for divorce. Thereafter, a hearing on the issues of equitable distribution and support was held in accordance with the stipulation. Supreme Court accepted the proposed findings and conclusions of law submitted by defendant and issued a judgment which granted a divorce only to defendant and allegedly resolved several equitable distribution issues adversely to plaintiff, thereby prompting this appeal.

The parties' principal asset was their marital residence, which had an agreed upon value of $79,000 less a mortgage of approximately $26,000. Supreme Court distributed this asset equally, allowing plaintiff 60 days to indicate whether she wanted to purchase defendant's interest and, if she did not elect to do so, directing that the property be sold. Plaintiff argues that Supreme Court erred in making this distribution because it failed to consider her need as the custodial parent to occupy the residence.

Courts now express a preference for allowing a custodial parent to remain in the marital residence until the youngest child becomes 18 unless such parent can obtain comparable housing at a lower cost or is financially incapable of maintaining the marital residence, or either spouse is in immediate need of his or her share of the sale proceeds *(see, Leabo v Leabo,* 203 AD2d 254; *Milewski v Milewski,* 197 AD2d 562; *Kalisch v Kalisch,* 184 AD2d 751, 754). Inasmuch as the record is silent on these issues, we find a failure to comply with Domestic Relations Law § 236 (B) (5) (g); we therefore modify the judgment by vacating the 10th decretal paragraph and remit this issue to Supreme Court for further proceedings *(see, DeSantis v DeSantis,* 205 AD2d 928; *Murphy v Murphy,* 193 AD2d 1068; *see also,* 11C Zett-Kaufman-Kraut, NY Civ Prac § 61.05 [4] [c] [i]).

Because the record is sufficiently developed on the other

issues raised by plaintiff, we shall proceed to resolve them *(see, Chasin v Chasin,* 182 AD2d 862).

Although the parties agreed that defendant's Master's degree was a marital asset, Supreme Court did not distribute any portion of it to plaintiff. This was not an abuse of discretion given (1) the proof showing that defendant's employer paid his tuition and that plaintiff did not make any financial contributions to the attainment of the degree, and (2) the fact the degree can be deemed to have merged into defendant's career since its effect on his earning capacity was reflected in his salary *(see, Maher v Maher,* 196 AD2d 530; *McSparron v McSparron,* 190 AD2d 74, 80-81; *compare, Phelps v Phelps,* 199 AD2d 608).

The next issue we consider is whether Supreme Court's direction that defendant pay 63% of the actual child care expenses up to a maximum of $45 per week is correct. The record establishes that plaintiff is incurring child care expenses in the sum of $55 per week. It is true that a parent's pro rata share of child care expenses is predicated upon the custodial parent's "reasonable child care expenses" as opposed to his or her actual expenses *(Koczaja v Koczaja,* 195 AD2d 693, 695, *lv denied* 83 NY2d 756; *see,* Domestic Relations Law § 240 [1-b] [c] [4]). Here, however, based upon the evidence in the record, we are of the view that plaintiff's actual child care expenses are reasonable and, therefore, the fourth decretal paragraph of Supreme Court's judgment should be modified to provide that defendant pay plaintiff $35 per week ($55 × 63%) for child care expenses.

Plaintiff further contends that Supreme Court erred in not fixing a valuation date for the mortgage on the marital residence. In our opinion Supreme Court did not overlook this issue since, by giving each party a credit for payments made by the party following the commencement of the action toward the reduction of the principal on the mortgage, Supreme Court impliedly adhered to the general rule that the date of valuation is fixed as of the commencement of the action *(see, Bohnsack v Bohnsack,* 185 AD2d 533; *Lord v Lord,* 124 AD2d 930).

Lastly, in view of the fact that plaintiff previously presented proof in support of her cause of action for divorce which Supreme Court indicated was sufficient, and on defendant's consent expressed at oral argument, plaintiff should be awarded a divorce from defendant upon submission to Supreme Court of appropriate findings of fact and conclusions of law.

Cardona, P. J., and Spain, J., concur.

Mercure, J. (concurring in part and dissenting in part). Because we are not persuaded that there is any merit to plaintiff's appeal, we respectfully dissent from so much of the majority's decision as would modify Supreme Court's judgment.

We begin our discussion by noting that, although this matrimonial action involves middle-class wage earners of modest means and presents nothing but common and uncomplicated economic issues, the parties are each on their third lawyer, have apparently gone through complete discovery, including depositions, have proceeded first to trial in Supreme Court and now an appeal to this Court, and yet plaintiff would have us remit the matter for even further proceedings. In our view, the matter should be put to rest. We should also take note of the fact that a trial court's findings and conclusions in a contested matrimonial action will rarely, if ever, transcend the caliber of the evidence presented by the parties.

At the outset of the trial, the parties stipulated to a most unusual procedure. Expressly recognizing that the parties lacked "sufficient means, income or ability to finance a protracted trial", it was agreed that each of the parties would testify and submit documentary evidence setting forth her or his position with regard to the identity and value of the various items of marital property "as if * * * offered by witnesses who are qualified to identify assets or to provide value". Supreme Court "would then be able to use those figures in determining what the asset is worth, and as such, render a decision * * * [that] would be binding as to value and distributive award". Consistent with that approach, the parties submitted only the most essential of facts concerning their various assets.

With regard to the marital residence, the record establishes nothing more than its stipulated value as of the date of commencement of the action ($79,000), the principal balance of the mortgage at that time (approximately $26,000), and the reduction in the principal balance following a pendente lite order requiring defendant to make the mortgage payments ($5,578). Notably, plaintiff offered no evidence to support a finding that, if awarded exclusive use and possession of the marital residence, she could afford to maintain it or that she could not find alternative housing at a lower cost. In fact, considering that, during the pendency of the action, plaintiff abandoned a position as director of personnel at an area

college in order to pursue full-time college studies, there is good reason to doubt that she could maintain the marital residence, which the majority concedes was the parties' principal asset. Most damaging to plaintiff's current position, the record is devoid of evidence that she ever sought a grant of exclusive use and possession of the marital residence. To the contrary, Supreme Court's charge, as embodied in the parties' stipulation, was to value the parties' assets and make a distributive award.

Further, it is clear that plaintiff was not granted a judgment of divorce only because of her failure to satisfy the requirement of 22 NYCRR 202.50 that she submit proposed findings of fact and conclusions of law in a timely fashion (see, 22 NYCRR 202.48). As for plaintiff's claim for an additional $6.30 toward her weekly child care expense, considering that the parties' only child attends school each weekday and spends two afternoons a week with defendant and, further, that the paid caregiver is plaintiff's mother, we conclude that Supreme Court did not abuse its discretion in fixing the maximum *reasonable* child care expense at $45 per week.

Peters, J., concurs. Ordered that the judgment is modified, on the law and the facts, without costs, by modifying the fourth decretal paragraph to provide that defendant shall pay plaintiff $35 per week for reasonable child care expenses and by vacating the 10th decretal paragraph; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.