■ MARY V. WALDRON, Respondent, v HENRY E. WALDRON, Appellant. [645 NYS2d 98] —In a matrimonial action in which the parties were divorced by a judgment dated September 29, 1982, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Feuerstein, J.), entered May 5, 1995, as granted the plaintiff's motion for an upward modification of child support and directed him to pay counsel fees and expenses in the sum of $9,000.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion by granting the former wife's application for an upward modification of child support. The former wife demonstrated that the combination of her own income and the former husband's child support obligation, as set forth in the parties' prior settlement, was not adequate to meet the custodial daughter's needs (*see, Matter of Brescia v Fitts,* 56 NY2d 132; *Rocchio v Rocchio,* 213 AD2d 535, 536; *Matter of Berg v O'Leary,* 193 AD2d 732, 734; *see also, Matter of Pettey v Piko,* 215 AD2d 485; *Matter of Schiavone v Schiavone,* 208 AD2d 543).

The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate (*see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Linda R. v Richard E.,* 176 AD2d 312, 313-314). Given the great disparity in the incomes of the parties, as well as the merits of the former wife's position, we decline to disturb the Supreme Court's award of counsel fees and expenses (*see, Kret v Kret,* 222 AD2d 412; *Krinsky v Krinsky,* 208 AD2d 599, 600-601; *Maher v Maher,* 196 AD2d 530, 532). Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.