Matter of Sanchez v Reyes (2019 NY Slip Op 05986)





Matter of Sanchez v Reyes


2019 NY Slip Op 05986


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-12246
 (Docket No. F-1918-17)

[*1]In the Matter of Christina Sanchez, petitioner,
v
Jose Reyes, respondent-respondent; Steven Gildin, etc., nonparty-appellant.


Steven Gildin, Garden City, NY, nonparty-appellant pro se.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Samuel J. Ferrara and Daniel H. Smith of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, nonparty Steven Gildin, the mother's former attorney, appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 5, 2018. The order (1) denied Steven Gildin's objections to an order of the same court (Lisa M. Williams, S.M.) dated June 7, 2018, which granted his motion pursuant to Family Court Act § 438 to direct the father to pay his counsel fees only to the extent of directing the father to pay counsel fees to him in the sum of $25,000, (2) granted the father's objections to the order dated June 7, 2018, and (3) vacated that order.
ORDERED that the order dated September 5, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting the father's objections to the order dated June 7, 2018, in their entirety and vacating that order, and substituting therefor a provision granting the father's objections only to the extent of reducing the award of counsel fees to Steven Gildin from the sum of $25,000 to the sum of $15,000, and otherwise denying the father's objections; as so modified, the order dated September 5, 2018, is affirmed, without costs or disbursements, and the order dated June 7, 2018, is modified accordingly.
Nonparty Steven Gildin, an attorney, commenced a proceeding on behalf of the mother against the father, seeking an order of filiation and child support. The father consented to an order of filiation and, following a hearing, the Family Court issued a corrected order of support, dated March 27, 2018, directing the father to pay child support. Subsequently, Gildin was discharged by the mother.
In April 2018, Gildin moved pursuant to Family Court Act § 438 to direct the father to pay his counsel fees. The Support Magistrate granted the motion to the extent of directing the father to pay counsel fees to Gildin in the sum of $25,000. Gildin objected to the amount of counsel fees awarded, and the father objected to the award of any counsel fee to Gildin. In an order dated September 5, 2018, the Family Court denied Gildin's objections, granted the father's objections, and vacated the Support Magistrate's order. Gildin appeals.
A court may allow counsel fees at any stage of a proceeding under Family Court Act article 4 (see Family Court Act § 438). In determining an appropriate award of counsel fees, the trial court must consider factors such as "the parties' ability to pay, the merits of the parties' positions, the nature and extent of the services rendered, the complexity of the issues involved, and the reasonableness of counsel's performance and the fees under the circumstances" (Matter of Westergaard v Westergaard, 106 AD3d 926, 926-927). Ultimately, the award should be based upon the totality of the circumstances, including the equities and circumstances of each particular case (see Lerner v Lerner, 168 AD3d 736, 739; Waldron v Waldron, 229 AD2d 433, 434).
Under the totality of the circumstances of this case, the Family Court improvidently exercised its discretion in determining that Gildin was not entitled to an award of any counsel fees from the father, and instead should have awarded Gildin counsel fees in the sum of $15,000.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court