■ BERNARD COHN, Respondent-Appellant, v TOBY COHN, Appellant-Respondent.—In an action for divorce and ancillary relief, the defendant wife appeals and the plaintiff husband cross-appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 25, 1988, as determined that the plaintiff husband's 50% interest in Boro Fuel Oil Company, Inc., would be valued as of December 31, 1986, and the plaintiff husband also cross-appeals from so much of the same order as determined that his pension would be valued as of the time of commencement of the trial.

Ordered that the order is modified by deleting therefrom the provision which determined that the plaintiff husband's pension will be valued as of the time of commencement of the trial and substituting therefor a provision that the plaintiff husband's pension will be valued as of the date of the commencement of the divorce action; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the parties' respective contentions, we conclude that the Supreme Court did not improvidently exercise its discretion in ruling that the plaintiff husband's 50% interest

in Boro Fuel Oil Company, Inc. would be valued as of December 31, 1986, as opposed to the time of the commencement of the divorce action, i.e., May 1985, or the date of the commencement of the trial. It is well established that the trial courts possess the discretion to select valuation dates for the parties' marital assets which are appropriate and fair under the particular facts and circumstances presented (see, Domestic Relations Law § 236 [B] [4] [b]; *Marcus v Marcus,* 137 AD2d 131; *Siegel v Siegel,* 132 AD2d 247; *Wegman v Wegman,* 123 AD2d 220, 232-233, *remittitur amended* 123 AD2d 238). Based on the record herein, we perceive no basis for disturbing the Supreme Court's valuation date for the plaintiff husband's business interest. Moreover, the fact that the court failed to delineate its specific reasons for selecting the December 31, 1986, date as the valuation date for the plaintiff husband's business interest does not warrant a different result. We conclude that it is not necessary to set forth the reasons for choosing a particular valuation date where the record, as here, discloses an adequate basis for the court's determination. To the extent that the case of *Yunger v Yunger* (133 AD2d 451) indicates to the contrary, it is hereby expressly overruled.

We do agree, however, with the plaintiff husband's contention that the trial court's selection of the trial date for valuing his pension was improper. It is well established that a spouse's pension constitutes marital property only to the extent that the corpus of the fund accumulates during the marriage and prior to the commencement of the divorce action (see, Domestic Relations Law § 236 [B] [1] [c]; *Majauskas v Majauskas,* 61 NY2d 481; *Marcus v Marcus, supra,* at 138; *Damiano v Damiano,* 94 AD2d 132). Accordingly, the plaintiff husband's pension should be valued as of the time of the commencement of the divorce action, i.e., May 1985. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.