OPINION OF THE COURT
Ralph Yachnin, J.
The petitioner, D. Paula Andrea (wife), and the respondent, Arthur N. Andrea (husband), were married in 1965, and they were divorced in the Dominican Republic in 1983. There are two children of the marriage, David and Tricia, both of whom are emancipated.
A trial was commenced on June 26, 1991, on the issue of *101 equitable distribution. The only marital asset that the parties owned, and which still survives, is the marital home. The wife contends that there should be another asset taken into consideration for equitable distribution purposes, i.e., a pension which at one time the parties expected the husband to obtain.
During the marriage, the husband was a New York City police officer, and consequently a member of its pension system. On October 7, 1983, the parties were divorced. In 1982, the husband was arrested, and subsequent to the parties’ divorce and 19 days before the husband was to retire, he was convicted of grand larceny. As a result, the husband lost any rights to his pension. The wife now claims that because of this conviction for grand larceny, and the consequent loss of the pension rights, the husband wastefully dissipated marital assets. She also contends that for the purposes of equitable distribution, the husband should be deemed to have the pension in effect and have such pension rights as would go to the wife under the equitable distribution rules. Consequently, the wife’s lost pension rights should be charged against the husband’s interest in the marital dwelling, she says.
At the trial and after some testimony had been taken, the wife’s counsel interposed the foregoing theory of law. He also indicated that at a considerable expense to the wife, he was going to bring in a pension expert on the following day. Recognizing that the wife was not so wealthy that she could afford this expense when the necessity of hiring such expert had not yet been determined, the court suggested and both counsel agreed that the issue of waste under the aforesaid set of facts should first be determined by the court. If the court then found that waste had taken place, then the expert could be brought in. On the other hand, if the court determines there was no waste, then the expense of the expert could be avoided.
Consequently, the within matter was continued until this court rendered a decision.
The issue here is whether the husband’s commission of a crime, which crime was not directed against or in any way directly related to the wife, committed before the parties’ divorce but for which he was convicted after the divorce, should be held to be wasteful dissipation of marital assets because it resulted in the husband’s forfeiting his pension, and whether as such the court should afford the wife a greater share in the marital asset to be disposed of. This court holds *102 that the husband’s conduct, though obviously wrongful and criminal, is not a wasteful dissipation of marital property under Domestic Relations Law § 236 (B) and should not be considered in the determination of the parties’ respective shares in marital property.
Among the factors which courts have held should be considered before determining whether a spouse’s conduct amounts to wasteful dissipation of marital property are the following:
(a) the intent involved in the commission of the act;
(b) concealment of a wasting of assets (Lenczycki v Lenczycki, 152 AD2d 621, 624 [2d Dept 1989]);
(c) use of the asset by one spouse only or by both spouses for marital purposes (Seeley v Seeley, 135 AD2d 703 [2d Dept 1987]);
(d) joint dissipation of property, regardless of purpose (supra);
(e) time of commission of act, i.e., before or after commencement of action (Levine v Levine, NYLJ, June 7, 1988, at 27, col 6);
(f) access to asset by one or both parties (supra);
(g) existence of asset at time of distribution (supra);
(h) whether act constitutes waste in hindsight only (Willis v Willis, 107 AD2d 867 [3d Dept 1985]);
(i) whether "guilty” party obtained a profit by the act;
(j) failure to support the family due to the alleged wasteful dissipation;
(k) relationship between the alleged waste and the parties’ over-all financial status (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C236B:25, at 285).
In this case, the parties had been living separate and apart from 1978, or more than five years, when the husband was arrested. It seems obvious to the court that the husband’s intent in committing the crime of grand larceny was totally unrelated to the parties’ marriage, except that if he had succeeded, he presumably thought his lot in life (and that of this wife if they were happily married) would have been better, not worse. There is no showing that in committing the crime involved here the husband gave any aforethought whatsoever to the effect which a conviction might have had upon his pension rights or how it might have affected the wife, as opposed to himself, or that he committed the act in order to *103 deprive the wife of participation in his pension. Not even using hindsight could one possibly call this waste on the facts here.
The wife is asking this court to determine that any time one spouse commits a crime which automatically, but indirectly, adversely affects a marital asset, the spouse who committed the crime must be deemed to have wasted that asset. This court will not make such a blanket rule. The Legislature cannot have intended the interpretation which the wife asks this court to make here.
There is no showing here that the husband intended to deprive the wife of participation in his pension or that he intended to harm the wife at all as a result of his criminal act. There was no concealment of a wasting of an asset. Indeed, the asset never came into being. There is no evidence which would show that the husband was conscious of the fact that he would lose his pension if he was caught committing a crime and convicted thereof, and it is more than likely he thought about the possibility of prison as opposed to losing his pension. He certainly didn’t profit from the act. There is no showing that he failed to support the family due to the alleged wasteful dissipation. And finally, there is no showing that the crime had any nexus to the marital relationship.
The court directs that the trial of this matter continue on November 6, 1991, at 9:30 a.m. before the undersigned at IAS Part 22.