■ MAJORIE KRUEGER, Individually and as Administratrix of the Estate of MELANIE KRUEGER, Deceased, Respondent, v NANCY WILDE et al. Appellants. (Appeal No. 2.) [614 NYS2d 353] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying the motion of defendants to dismiss plaintiff's action because plaintiff failed to file a judgment within 60 days of the entry of Supreme Court's memorandum decision determining plaintiff's posttrial motion. Supreme Court's decision granted plaintiff's motion for a new trial on the issue of liability unless defendants stipulated to accept Supreme Court's apportionment of fault 100% to defendants. Because defendants had not so stipulated, plaintiff could not enter judgment.

Nor did Supreme Court abuse its discretion in denying the motion of defendants to deem plaintiff's posttrial motion abandoned for failure to enter an order within 60 days of the entry of Supreme Court's memorandum decision determining the motion *(see,* 22 NYCRR 202.48). The decision to deem a motion abandoned rests within the sound discretion of the court *(see, Barnett v Star Mech. Corp.,* 171 AD2d 142, 146). Given the short delay of approximately two weeks, we decline to disturb the discretionary determination of Supreme Court. (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—Abandonment of Action.) Present—Denman, P. J., Lawton, Doerr and Davis, JJ.

■ MARJORIE KRUEGER, Individually and as Administratrix of the Estate of MELANIE KRUEGER, Deceased, Respondent, v NANCY WILDE et al., Appellants. (Appeal No. 3.) [614 NYS2d 353] —Order unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Krueger v Wilde* (204 AD2d 988 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Doyle, Jr., J.—New Trial.) Present—Denman, P. J., Lawton, Doerr and Davis, JJ.