██ JUDITH S. RIVERA, Appellant, v JOSE A. RIVERA, Respondent. (Appeal No. 1.) [615 NYS2d 952] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for an expert valuation of defendant's law practice. When the divorce action was commenced, defendant had been suspended from the practice of law. Defendant was ultimately disbarred. The court properly found that defendant's law practice ceased to exist in September 1988 and that there was no marital asset to value.

We reject plaintiff's argument that defendant's professional misconduct amounted to the wrongful dissipation of a marital asset. There was no showing that, while committing professional misconduct, defendant intended to deprive plaintiff of her share of a marital asset *(see, Matter of Andrea v Andrea,* 152 Misc 2d 100, 102-103). (Appeal from Order of Supreme Court, Kings County, Schneier, J.—Vacate Default.) Present— Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.

██ JUDITH S. RIVERA, Appellant, v JOSE A. RIVERA, Respondent. (Appeal No. 2.) [615 NYS2d 1025] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion by signing an order submitted by defendant more than 60 days after the court rendered its decision *(see,* 22 NYCRR 202.48). Whether to accept a late order rests within the sound discretion of the court and defendant provided an adequate excuse for the delay *(see, Krueger v Wilde,* 204 AD2d 990; *Barnett v Star Mech. Corp.,* 171 AD2d 142, 146; *cf., Tuller v Tuller,* 162 AD2d 801, 801-802). (Appeal from Order of Supreme Court, Kings County, Schneier, J.—Abandonment of Motion.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.