■ BARBARA A. TRANK, Respondent, v JOSEPH TRANK, JR., Appellant. [621 NYS2d 356] —In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief and by further communication to this Court, from so much of a judgment of the Supreme Court, Orange County (Slobod, J.), dated October 16, 1992, as awarded maintenance to the plaintiff wife in the sum of $150 per week for a period of five years.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the parties and their respective counsel are directed to appear before this Court on January 11, 1995, at 12:00 Noon to be heard upon the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c), against the appellant or his attorney.

The parties were married on December 2, 1972, and have two children: a son who is now 15-years-old, and a daughter who is now nine-years-old. At the time of trial, the wife was the primary caretaker of the children, and was employed on a part-time basis as a nursery school teacher at an annual salary of approximately $7,800. The husband, a medical claims manager, earned an annual salary of approximately $52,500. At the conclusion of a lengthy trial, the Supreme Court awarded custody of the children and exclusive occupancy of the marital premises to the wife, and directed the husband, *inter alia,* to pay the wife maintenance in the sum of $150 per week for a five-year-period.

Contrary to the husband's contention, we do not find that the Supreme Court acted improvidently in awarding the wife a limited period of maintenance. Although the wife has a college degree and teaching experience, the record indicates that during the marriage the parties agreed that the wife would not seek full-time employment outside of the home so that she would be available to care for the children. Moreover, there is no evidence to support the husband's claim that the wife refused to work in order to deprive him of his proper share of marital assets *(see, Rivera v Rivera,* 206 AD2d 970). Accordingly, under the circumstances as they existed at the time of trial, including the marked disparity between the income of the parties, the court's maintenance award was

proper *(see, Nolfo v Nolfo,* 188 AD2d 451; *Poretsky v Poretsky,* 176 AD2d 713).

By letter dated November 29, 1994, three days before this appeal was scheduled to be heard, the husband's attorney advised this Court that the primary issues he had raised in his appellate brief, which related to custody of the children and the award of exclusive possession of the marital residence to the wife, had been settled some months earlier. Where a case is wholly or partially settled during the pendency of an appeal, counsel is required to immediately notify this Court of the settlement *(see,* 22 NYCRR 670.2 [g]), and this Court has published warnings that "[t]he failure of counsel to promptly notify the court could result in the imposition of sanctions" (Court Notes, NYLJ, Nov. 17, 1994, at 11, col 3). Accordingly, the parties and their respective counsel are directed to appear before this Court to be heard on the issue of whether the imposition of sanctions is warranted under the circumstances of this case. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.