■ MARY L. THOMAS, Appellant, v ERNEST THOMAS, Respondent. [634 NYS2d 496] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated May 23, 1994, which (1) set the valuation date of the husband's pension, (2) denied the wife equitable distribution of future Social Security benefits, and (3) denied the wife counsel fees.

Ordered that the order is affirmed, with costs.

The plaintiff wife commenced an action for divorce on April 5, 1984, and she stipulated to the discontinuance of the action on January 31, 1992, in the Family Court, where the parties were seeking to resolve custody and child support issues. Later that day, the wife served the husband with a summons in the

instant action for a divorce and ancillary relief. The wife sought equitable distribution of her husband's pension as a marital asset. Domestic Relations Law § 236 (B) (1) (c) defines "marital property" as "all property acquired by either or both spouses *during* the marriage and *before* * * * the commencement of *a* matrimonial action" (emphasis added). Domestic Relations Law § 236 (B) (4) (b) provides that the valuation date may be any date "from the date of commencement of the action to the date of trial". The court properly set the valuation date for the husband's pension at the date that the wife commenced the first divorce action.

It is well settled that "the trial courts possess the discretion to select valuation dates for the parties' marital assets which are appropriate and fair under the particular * * * circumstances" *(Cohn v Cohn,* 155 AD2d 412, 413; *see,* Domestic Relations Law § 236 [B] [4] [b]; *Kirschenbaum v Kirschenbaum,* 203 AD2d 534; *Marcus v Marcus,* 137 AD2d 131). This case presents a unique set of facts. The parties stipulated to discontinue the first action without reconciliation, apparently under the mistaken belief that it was a necessary step to allow the Family Court to resolve custody issues. Later that day, the wife served her husband with a second divorce summons and sought to include his pension contributions during the period between the commencement of the first and second actions as a marital asset.

Domestic Relations Law § 236 (B) (1) (c) excludes from marital property those assets acquired after the commencement of a divorce action. This Court has previously held that such property may become marital property again where, for example, the action is discontinued and the parties either reconcile or continue the marital relationship and continue to receive the benefits of the relationship *(see, e.g., Marcus v Marcus, supra).* Here, however, the discontinuance of the first action was not a step in reconciliation, but was stipulated to by the husband to facilitate the resolution of custody issues. It is clear that the wife entered this stipulation as a tactic designed to allow her to seek a share of his assets which would otherwise not be the subject of equitable distribution. Accordingly, we find that the court acted within its discretion and properly determined that the valuation date to be applied was the date of the commencement of the first action.

Contrary to the wife's contentions, Social Security benefits are not a pension, and thus, are not subject to equitable distribution. The cases cited by the appellant are distinguishable, as they involved the inclusion of Social Security benefits as income when determining maintenance awards.

The court properly denied the wife counsel fees. "The matter of counsel fees is within the court's discretion but is nonetheless to be controlled by the equities of the case and the financial circumstances of the parties" *(Maimon v Maimon,* 178 AD2d 635; *see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Majauskas v Majauskas,* 61 NY2d 481). A wife may be entitled to an award of reasonable counsel fees where there is a marked disparity in the income and resources of the parties *(see, Denholz v Denholz,* 147 AD2d 522). Here, however, the parties were in virtually equal financial positions. Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.