■ JOHN MARCONI, Appellant, v HELEN MARCONI, Respondent. [658 NYS2d 702] —In an action for a divorce and ancillary relief, the husband appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated March 28, 1996, as denied his motion to set the valuation date of his pension at July 2, 1987.

Ordered that the order is affirmed insofar as appealed from, with costs.

The husband commenced the first of three actions for divorce on July 2, 1987. In 1989, upon learning that his attorney no longer engaged in the practice of law, he retained another attorney, who commenced a second action for divorce three years later. Thereafter, the husband retained yet another attorney who, upon learning that the prior two actions had been dismissed, commenced a third action on or about December 29, 1993. The husband moved to fix the valuation date of his pension at July 2, 1987. The Supreme Court fixed the date for valuation at December 29, 1993.

It is well settled that "the trial courts possess the discretion to select valuation dates for the parties' marital assets which are appropriate and fair under the particular * * * circumstances" *(Cohn v Cohn,* 155 AD2d 412, 413; *see, Thomas v Thomas,* 221 AD2d 621). Here, under all the circumstances, it

was not an improvident exercise of discretion for the trial court to select the commencement date of the third action as the valuation date for the husband's pension. Mangano, P. J., Ritter, Sullivan and McGinity, JJ., concur.