■ JANE MARTINUCCI, Respondent, v JOHN J. MARTINUCCI, Appellant. [733 NYS2d 898] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Orange County (Owen, J.), dated November 29, 1999, which denied his motion to set the valuation date for the parties' marital assets as the date of the commencement of a prior, dismissed divorce action.

■ JANE MARTINUCCI, Respondent, v JOHN J. MARTINUCCI, Appellant. [737 NYS2d 371] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from

stated portions of a judgment of the Supreme Court, Orange County (Benson, J.H.O.), entered October 13, 2000, which, upon, *inter alia,* an order of the same court (Owen, J.), dated November 29, 1999, which denied his motion to fix the date of the commencement of the plaintiff's previous, dismissed action as the valuation date, among other things, appointed a receiver for and directed the sale of certain marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Trial courts have the discretion to select valuation dates "which are appropriate and fair under the particular facts and circumstances presented" (*Cohn v Cohn,* 155 AD2d 412, 413). Under the circumstances of this case, the court providently exercised its discretion in denying the defendant's motion to fix the date of the commencement of the plaintiff's previous, dismissed action as the valuation date (*see, Marconi v Marconi,* 240 AD2d 641; *Nee v Nee,* 240 AD2d 478; Domestic Relations Law § 236 [B] [4] [b]).

Contrary to the defendant's contention, it was appropriate and necessary to appoint a receiver and direct the sale of certain commercial marital property located on Flatbush Avenue in Brooklyn. Under the circumstances presented, where the record demonstrates not only a long-standing history of the defendant's dishonest and wasteful dissipation of marital assets, but also an acrimonious relationship between the parties, the direction to have the receiver sell the Flatbush Avenue property was appropriate to avoid further entangling the parties in a continuing financial relationship (*see, Kaplan v Kaplan,* 82 NY2d 300, 306; *Wong v Wong,* 161 AD2d 710).

The Supreme Court providently exercised its discretion in awarding the marital residence to the plaintiff (*see,* Domestic Relations Law § 236 [B] [5] [d] [11]; *Maharam v Maharam,* 245 AD2d 94; *Goldberg v Goldberg,* 172 AD2d 316).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., S. Miller, Friedmann and Townes, JJ., concur.