▪ LESLYE KOHL, Appellant-Respondent, v TED KOHL, Respondent-Appellant. [806 NYS2d 35]—

Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered April 21, 2005, inter alia, distributing the parties' marital property and awarding plaintiff wife maintenance, unanimously affirmed, without costs.

Ample evidence supports the finding that the husband's loss of his first company was due to diminished business caused by adverse publicity attendant to certain criminal proceedings against him, and not a wasteful dissipation of a marital asset. The loss of the business occurred several years before the commencement of this action, and there is no evidence that the husband's criminal acts were intended to deprive the wife of a marital asset or otherwise directed against her (*see Rivera v Rivera*, 206 AD2d 970 [1994]; *cf. Trank v Trank*, 210 AD2d 472 [1994]). Moreover, the husband's earnings had soon risen back to the level they were before the criminal action, and the parties' standard of living did not diminish. Nor was the money given by the husband to his former wife and children of that

marriage a wasteful dissipation of marital assets. Such gifts were not unreasonable in relation to the husband's income and were consistent with the type of gift giving he had engaged in throughout his marriage to the wife, which included generous gifts to her own two children from a prior marriage (*see Kahn v Kahn,* 147 Misc 2d 954, 957-958 [1990]). We have considered and rejected the wife's other claims of wasteful dissipation.

The trial court properly held the wife responsible for the portion of the attorneys' fees associated with the civil forfeiture action that was a consequence of the criminal action against the husband, since the wife was a named party and availed herself of the attorneys' professional services. However, the wife should not be responsible for the loans that were used by the husband to pay legal fees and fines associated with the criminal action itself, and the trial court properly refused to treat those loans as marital debt.

The trial court properly valued the husband's independent sales and consulting business at the lower of the wife's expert's valuations. The valuation depended on whether certain purported loans to the husband were more in the nature of income than loans, which in turn depended on the credibility of the husband and persons who had given him the money. No basis exists to disturb the trial court's findings crediting the testimony of husband and his witnesses that the loans were genuine (*see Naimollah v De Ugarte,* 18 AD3d 268, 269 [2005]).

The distribution of 35% of the husband's sales and consulting business to the wife is warranted by evidence that, inter alia, the husband had learned the skills associated with this business during the 15 years he had worked before the marriage, and that the wife contributed little to the creation of the new business, and indeed impeded it by refusing to use marital stock accounts held in her name to help pay family expenses.

The finding that the husband is an independent contractor, and not, as he claims, a mere commissioned employee of the new company started up by former employees of his first company, has ample support in the record, including, inter alia, that he is by far the highest paid person associated with the new company and brings in most of its business.

No basis exists to disturb the maintenance award to the wife of $12,000 per month for one year following the sale of the parties' Southampton home, and $7,000 per month thereafter until the husband turns 70. The wife will receive a distribution of martial assets in excess of $8 million, and we reject her argument that the distribution amounts to much less. We note that the maintenance award is based on a finding of reasonable

compensation that was urged by the wife's expert for purposes of valuing the husband's consultancy business. We reject the husband's argument that because the wife will receive enough from the distribution to be self-supporting, she should not be awarded any maintenance at all, and find that the parties' lavish predivorce standard of living was given appropriate consideration in the determination of maintenance (*see Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]).

The trial court did not direct the wife to pay the parties' 2000 tax liability out of her separate property. Rather, it directed the liability to be paid out of certain stock brokerage accounts, which were marital assets, and then awarded all of what remained in those accounts to the wife expressly to defray the legal costs of this action. The wife's argument that she should have been awarded more attorneys' fees fails to consider this amount. Moreover, the record shows that the wife's expenditures for attorneys were excessive, and that her sale of marital assets, in direct violation of court orders, caused extensive and unnecessary litigation.

We have considered the parties' other claims, including the wife's that she was denied necessary disclosure, and find them unavailing. Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ. [*See* 6 Misc 3d 1009(A), 2004 NY Slip Op 51759(U) (2004).]