■ JOHN XIKIS, Respondent, v MARIA XIKIS, Appellant. [841 NYS2d 453]—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated July 20, 2004, which denied her motion, inter alia, to set the valuation date of the plaintiff husband's separate real property as the date of trial. Justice Mastro has been substituted for former Justice Luciano (*see* 22 NYCRR 670.1 [c]).

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (Corrado, J.H.O.), entered January 9, 2006, which, after a nonjury trial and upon a decision of the same court dated December 13, 2005, inter alia, awarded her only 25% of the marital property as her equitable share, denied her request for an award of lifetime maintenance, and declined to award her any portion of funds in the total amount of $200,000 transferred by the plaintiff husband from an Atlantic Bank account to a certain charitable account in Greece on the date of commencement of this action.

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the second decretal paragraph thereof and substituting therefor the following decretal paragraph: "Ordered and Adjudged that the defendant's request for an award of lifetime maintenance is granted to the extent that she shall receive nondurational taxable maintenance in the monthly sum of $1,500, payable by the plaintiff on the first day of each month commencing January 1, 2006, 'with temporary support' previously ordered by the court to continue through December 31, 2005," and (2) by deleting from subparagraph three of the sixth decretal paragraph thereof, the words "and in lieu of any maintenance award," and (3) by adding thereto a tenth decretal paragraph directing that the defendant shall receive the sum of $100,000 of the $200,000 in funds transferred by the plaintiff from the Atlantic Bank account to the charitable account in Greece on the date of commencement of this action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

At trial, the Supreme Court properly determined that letters written by the National Bank of Greece constituted inadmissible hearsay (*see* CPLR 4518 [a]; *Lodato v Greyhawk N. Am., LLC,* 39 AD3d 496 [2007]; *Matter of Bronstein-Becher v Becher,* 25 AD3d 796 [2006]), and that the plaintiff's transfer of five Greek accounts and condominium units to his children were legitimate pre-commencement gifts (*see Kohl v Kohl,* 24 AD3d 219, 220 [2005]; *Angot v Angot,* 273 AD2d 423, 424 [2000]). The Supreme Court also properly declined to award the defendant any appreciated value in the plaintiff's separate property upon finding no nexus between her activities and the properties' appreciation (*see Hartog v Hartog,* 85 NY2d 36, 46 [1995]; *Price v Price,* 69 NY2d 8, 17-18 [1986]; *Pulice v Pulice,* 242 AD2d 527, 528 [1997]; *Robertson v Robertson,* 186 AD2d 124, 125-126 [1992]; *Mahlab v Mahlab,* 143 AD2d 116 [1988]), and correctly

evaluated expert appraisal testimonies (*see 41 Kew Gardens Rd. Assoc. v Tyburski,* 70 NY2d 325, 331 [1987]; *Ferraro v Ferraro,* 257 AD2d 596, 598 [1999]). The Supreme Court providently exercised its discretion in equitably distributing marital assets between the spouses (*see* Domestic Relations Law § 236 [B] [5] [d]; *Arvantides v Arvantides,* 64 NY2d 1033, 1034 [1985]; *Falgoust v Falgoust,* 15 AD3d 612, 614 [2005]), and in selecting an appropriate and fair discretionary valuation date between commencement and trial (*see Marconi v Marconi,* 240 AD2d 641, 642 [1997]).

The Supreme Court improvidently exercised its discretion in denying the defendant's request for an award of lifetime maintenance on the ground that certain properties were distributed to her in lieu of maintenance. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see O'Shea v O'Shea,* 93 NY2d 187, 193 [1999]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *DeVries v DeVries,* 35 AD3d 794 [2006]). Here, the parties lived together for 28 years and were married for over 18 years. The defendant was not employed during most of the marriage, has limited education and skills, and was 60 years old at the time of the judgment. In addition to the properties awarded to the defendant by the Supreme Court, in the exercise of discretion and upon consideration of all relevant factors, an award of $1,500 as monthly nondurational maintenance is appropriate (*see* Domestic Relations Law § 236 [B] [6]; *Hathaway v Hathaway,* 16 AD3d 458, 460 [2005]; *Kaprelian v Kaprelian,* 236 AD2d 369, 371 [1997]).

Finally, the Supreme Court erred in determining that the $200,000 in funds transferred by the plaintiff from an Atlantic Bank account to a Greek bank account on the date of commencement of the action was deposited into a joint bank account of the parties. In fact, the funds were deposited into a charitable account and were not distributed. The transfer constituted a dissipation of marital assets in contemplation of divorce. As such, the defendant is entitled to an additional award of $100,000 as contemplated by the parties' stipulation of August 15, 2001 (*cf. Quaranta v Quaranta,* 212 AD2d 683 [1995]).

The defendant's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.