■ SINDI SCHORR, Respondent, v PETER SCHORR, Appellant. [848 NYS2d 614]—

Judgment, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered October 5, 2006, insofar as appealed from as limited by the briefs, awarding plaintiff 50% of the marital property, monthly maintenance of $6,500 for five years, and counsel fees of $100,000, unanimously modified, on the facts, plaintiff awarded 40% and defendant 60% of the marital property, and otherwise affirmed, without costs. The matter is remanded to Supreme Court for entry of an amended judgment consistent herewith.

Plaintiff's contributions to defendant's business interests, which accounted for a substantial portion of the marital assets, were modest (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]; *Naimollah v De Ugarte*, 18 AD3d 268, 269 [2005]; *cf. Niland v Niland*, 291 AD2d 876, 877 [2002]). Accordingly, and giving full consideration to plaintiff's contributions as a homemaker (*Arvantides*, 64 NY2d at 1034), we modify the equitable distribution award as indicated above.

The maintenance award to plaintiff was appropriate in light of the evidence regarding the parties' standard of living during the marriage, plaintiff's career sacrifices during the marriage, defendant's substantially superior financial circumstances, and plaintiff's demonstrated inability to meet her living expenses and need for time to establish herself in her new career. Contrary to defendant's suggestion, plaintiff's receipt of the distributive award does not obviate the need for maintenance (*see Kohl v Kohl*, 24 AD3d 219, 221 [2005]).

The award of $100,000 in counsel fees, representing approximately one half of plaintiff's counsel fees at the time of trial, was justified by the financial disparity between the parties and defendant's discovery misconduct resulting in unnecessary escalation of litigation costs (*see Kurtz v Kurtz*, 1 AD3d 214 [2003]).

Defendant was properly precluded from offering evidence at trial as to any financial issues because of his failure to timely comply with discovery requests concerning his businesses and to pay the fees of the expert appointed to value his business interests; such conduct resulted in the expert being unable to submit a complete report of the value of defendant's business interests at trial (*see Perell v Krause*, 277 AD2d 213 [2000]). Because the various business interests could not be parsed from the other financial issues in the case, to have limited the preclusion order only to testimony challenging the valuation of his business interests by the expert would have allowed defendant to benefit from his concealment of critical information regarding his assets and income.

We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.