F.L. v J.M. (2019 NY Slip Op 04453)





F.L. v J.M.


2019 NY Slip Op 04453


Decided on June 6, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Tom, Moulton, JJ.


8572 307157/13

[*1]F.L., Plaintiff-Appellant-Respondent,
v
J.M., Defendant-Respondent-Appellant.


Pavia & Harcourt LLP, New York (Polly N. Passonneau of counsel), for appellant-respondent.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York (Barry Abbott of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Joseph P. Burke, Special Referee), entered October 16, 2017, after a trial, to the extent appealed from as limited by the briefs, valuing the marital portion of defendant husband's stock options and restricted stock units at $252,974 and distributing 40% to plaintiff wife, valuing the marital funds at $410,696.82, terminating the pendente lite maintenance award as of July 31, 2017, and declining to award plaintiff post-divorce maintenance, imputing income of $831,710 to defendant husband and imposing an income cap of $400,000 for the purpose of determining child support, and awarding plaintiff $25,000 in counsel fees, unanimously modified, on the law and the facts, to award plaintiff 50% of the value of the marital portion of defendant's stock options and restricted stock units, impose an income cap of $300,000 for the purpose of determining child support, and make the child support award retroactive to October 1, 2014, and to remand the matter for further proceedings in accordance herewith, and otherwise affirmed, without costs.
The court properly relied on the valuation of the marital portion of defendant's stock options and restricted stock units (GSUs) performed by Financial Research Associates (FRA). The parties jointly retained FRA to value this marital asset, and FRA's report was stipulated to at trial and entered into evidence without objection. Plaintiff did not call any witness from FRA or present any expert testimony to support her argument on appeal that FRA's methodology was flawed. Moreover, the claimed patent errors in the report, such as omissions of certain stock grants, can be explained by FRA's mandate to value only the stock options and GSUs held by defendant as of the date of the commencement of this action. To the extent the marital portion of defendant's stock options and GSUs represents compensation, plaintiff's award should be increased from 40% to 50% of the value, or $126,487 (see Greenwald v Greenwald, 164 AD2d 706, 715, 722 [1st Dept 1991], lv denied 78 NY2d 855 [1991]).
The court properly declined to award plaintiff post-divorce maintenance on the grounds that she holds a doctorate in computer science and is working full-time as a data scientist. The court providently exercised its discretion in maintaining plaintiff's pendente lite maintenance award through July 2017, the month in which it issued its decision. The duration of the pendente lite maintenance was one of the factors the court considered in determining that further maintenance was not warranted.
In determining the child support award, the court properly imputed income to defendant based on the average of his total income for the years 2012 through 2014 (see generally Matter of Culhane v Holt, 28 AD3d 251, 252 [1st Dept 2006]). Although defendant argues that the court erred in including "nonrecurring income" related to the grant of stock options and GSUs, he testified that such grants occurred on an annual basis, albeit they fluctuated in size and value. To the extent defendant argues that his income during 2013 and 2014 was artificially inflated by an unusually large and anomalous equity award, the argument is unavailing; we note that defendant's total income in 2012 was $701,546.32, well within range of his imputed income of [*2]$831,710.
Given the disparity in the parties' incomes, the court correctly considered the standard of living the child would have enjoyed had the marriage remained intact in deviating from the statutory cap (see Domestic Relations Law § 240[1-b][f][3]). However, as the court also ordered defendant to pay his 88% pro rata share of add-on expenses, including extracurricular activities, summer camp, and any private school, we find that the income cap should be reduced from $400,000 to $300,000.
Plaintiff correctly argues that the court erred in making the child support award prospective only (see Domestic Relations Law § 236[B][7][a]). It should be retroactive to October 1, 2014, the date on which plaintiff started receiving court-ordered pendente lite child support. We remand the matter to Supreme Court for a determination of the amount of retroactive child support owed, including adjustments to defendant's pro rata share of add-on expenses, and whether payment of any arrears due should be made in one sum or periodic sums.
In awarding plaintiff counsel fees of $25,000, the court properly considered "the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). Defendant had already paid $120,000 of her counsel fees, and, together with the fee award, the amount of his share is more than half of
plaintiff's legal costs at the time of trial (see Schorr v Schorr, 46 AD3d 351, 351 [1st Dept 2007]).
The Decision and Order of this Court
entered herein on March 5, 2019 (170
AD3d 409 [1st Dept 2019]) is hereby
recalled and vacated (see M-1905
and M-1906 decided simultaneously
herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 6, 2019
CLERK