■ LORI-KAY GOLF, INC., Appellant, et al., Plaintiff, v MICHAEL LASSNER et al., Defendants, and ROBERT H. FINKELSTEIN, Defendant and Third-Party Plaintiff-Respondent-Appellant. TOWN OF RAMAPO, Respondent. UNITED STATES FIDELITY & GUARANTY COMPANY, Respondent-Appellant; MAURICE PHILLIPS et al., Third-Party Defendants-Respondents. — In an action to recover damages for wrongful eviction, (1) plaintiff Lori-Kay Golf, Inc., appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Rockland County (Gurahian, J.), entered April 7, 1982, which, *inter alia*, dismissed its complaint at the close of its case upon a jury trial, (2) defendant United States Fidelity & Guaranty Company appeals from so much of the same judgment as dismissed its cross complaint against defendant Finkelstein and denied it costs and disbursements against said defendant and (3) defendant third-party plaintiff Finkelstein cross-appeals from so much of the judgment as dismissed his third-party complaint against third-party defendants Maurice Phillips and Brent, Phillips, Dranoff and Davis. Judgment modified, on the law, by deleting the third decretal paragraph thereof and substituting therefor the following: "Ordered and adjudged that plaintiff Lori-Kay Golf Club, Inc.'s action against defendant Town of Ramapo is severed and a new trial is granted as between the two." As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. A prima facie case was made out against the Town of Ramapo. Assuming, as we must, the truth of the evidence presented by plaintiff Lori-Kay Golf, Inc., and giving it the advantage of every reasonable inference to be drawn from the facts adduced, it established, prima facie, that it was in lawful possession of the premises in question on the day of the alleged wrongful eviction, and that defendant Town of Ramapo forcibly ejected it from the said premises in violation of RPAPL 853 when its police officers entered onto the premises and, in aid of the alleged new lessee, one Lassner, threatened plaintiff Lori-Kay Golf, Inc.'s principal, Cassia, and several of its employees with arrest if they did not leave the property. Damiani, J. P., Titone, Gulotta and Rubin, JJ., concur.

■ BLANCHE MIGDAL, Respondent, v HARRY MIGDAL, Appellant. — In an action for a divorce, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated August 18, 1982, as awarded the plaintiff a one-half interest in the marital residence, a one-half interest in the defendant's printing business and $300 per week for her maintenance, and ordered the defendant to pay to the plaintiff's counsel the sum of $2,500 for additional counsel fees. Judgment modified, on the facts, by deleting the twenty-fifth decretal paragraph thereof and substituting therefor a provision denying the applications of both parties for an award of counsel fees. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. Although the record supports the trial court's disposition of the marital assets and the award of maintenance, the award of counsel fees was improper. In light of the liquid assets available to the wife and the distributive award of the trial court, including a retroactive award of maintenance, the "circumstances of the case and of the respective parties" require that the wife bear her own legal fees (see Domestic Relations Law, § 237, subd [a]; *Kaplan v Kaplan,* 77 AD2d 891). Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.