■ Theresa Amodio, Appellant, v Michael P. Amodio, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Silberman, J.H.O.), dated February 5, 1986, which valued the defendant husband's 15% interest in a closely held corporation at $87,500 and denied the plaintiff's request for an award of counsel fees, expert fees or appraisal expenses.

Judgment affirmed insofar as appealed from, without costs or disbursements.

In this divorce action, the parties stipulated to submit to a Judicial Hearing Officer a number of issues, including the determination of the value of the defendant husband's 15%

interest in the shares of Capital Electric Supply Co., Inc., a closely held corporation. It was agreed that the value of the defendant's interest in that corporation, once determined, would be divided equally between the parties.

The shares in question are subject to a shareholder's agreement which has approximately 14 years remaining until its termination. The agreement provides, *inter alia,* that during its term the defendant cannot sell or encumber his shares without the consent of the remaining shareholders. The agreement further provides for a right of first refusal to the corporation in the event the defendant desires to sell his shares, and fixes the value of those shares at $87,500—the price at which the defendant originally purchased them. Finally, the agreement provides that in the event of the defendant's death, his estate would receive a like amount for the shares. At the hearing, the plaintiff produced an expert witness who testified that the value of the defendant's shares in the corporation was between $172,000 and $253,000, if they were to be sold outside the terms of the agreement. He acknowledged, however, that the agreement was in effect and that the defendant was bound by its terms.

The Judicial Hearing Officer did not err in fixing the value of the defendant's interest in the corporation at $87,500. The valuation of shares of stock in a closely held corporation for purposes of distribution in a divorce action is not an easy task, since neither the book value nor the price at which the stock is sold may prove to be reliable indicators of real worth. We have recognized, however, as is the case herein, that the price fixed in "[a] bona fide buy-sell agreement which predates the marital discord, while not conclusive, may also prove an invaluable aid" *(Kaye v Kaye,* 102 AD2d 682, 688). At bar, the term of the shareholder's agreement had 14 more years to run at the time of the trial. Therefore, during that period of time, the maximum amount that the defendant could receive upon the sale of his interest in the corporation, or that his estate could receive in the event of his death, would be $87,500. There was no evidence of any pending sale of the corporate assets or its outstanding shares or any other action which might vitiate the defendant's obligation under the shareholder's agreement. Thus, any appraisal of the value of the shares based upon a potential sale outside the terms of the agreement would be purely speculative. Under these circumstances, the value fixed by the Judicial Hearing Officer should not be disturbed.

The plaintiff also appeals from the denial of her request for

counsel fees, expert fees and appraisal expenses. In determining a request for an award of counsel fees, the court must take into consideration the financial circumstances of both parties (see, Borakove v Borakove, 116 AD2d 683). At bar, the court considered both the plaintiff's annual salary and the substantial award she was to receive as her share of the marital assets in determining that an award for fees and expenses was unnecessary, and, under the circumstances, that determination was not an abuse of discretion.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.