■ JOHN F. HACKETT, Respondent-Appellant, v JOANNE

HACKETT, Appellant-Respondent.—In an action for a divorce and ancillary relief in which the parties were divorced by a judgment dated September 18, 1986, the defendant wife appeals (1) as limited by her brief, from so much of a resettled judgment of the Supreme Court, Nassau County (Postel, J. H. O.), dated July 8, 1987 as, *inter alia,* (a) distributed the marital property between the parties, (b) awarded her maintenance in the sum of $150 per week for a period of 10 years, and (c) denied her application for counsel fees, and (2) from an order of the same court (Robbins, J.), entered February 8, 1988, which, after a hearing, found that certain corporate stock owned by the plaintiff husband was not marital property subject to equitable distribution. The plaintiff husband cross-appeals, as limited by his brief, from so much of the resettled judgment dated July 8, 1987 as, *inter alia,* (a) awarded the wife a 50% share of the parties' 1985 income tax refunds, (b) directed him to pay the carrying charges on the marital residence pending its sale, and (c) directed the payment of maintenance to the defendant wife.

Ordered that the judgment is modified, on the law and the facts, by deleting the tenth decretal paragraph thereof and by substituting therefor a provision awarding the defendant wife the sum of $10,000 as and for counsel fees, and by adding a provision directing the defendant wife to pay over to the plaintiff husband the sum of $18,000 from the proceeds of the sale of the former marital residence, and as so modified, the resettled judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order is reversed, on the law and the facts, the defendant wife is awarded 50% of the net after-tax proceeds of the sale of certain stock in Communications Techniques, Inc. owned by the plaintiff husband which constitutes marital property, and the matter is remitted to the Supreme Court, Nassau County, for the calculation of the defendant wife's share of the net proceeds less any applicable taxes paid by the plaintiff husband thereon; and it is further,

Ordered that the defendant wife is awarded one bill of costs.

Upon consideration of the relevant factors governing the equitable distribution of marital assets *(see,* Domestic Relations Law § 236 [B] [5] [d]) and the awarding of maintenance *(see,* Domestic Relations Law § 236 [B] [6]), we discern no impropriety in either the Supreme Court's virtually equal division of marital property between the parties or its award of maintenance to the defendant wife *(see generally, Marcus v*

*Marcus,* 135 AD2d 216; *Neumark v Neumark,* 120 AD2d 502, *lv dismissed* 69 NY2d 899). Similarly, under the circumstances presented, we perceive no error in the court's valuation of specific assets, its distribution of the parties' income tax refunds, or its direction that the plaintiff husband pay the carrying charges on the marital residence pending its sale.

However, we note that while the court properly determined that the parties should share equally in the marital assets, it erroneously made a total award to the defendant wife which was $36,000 greater than that made to the plaintiff husband. Accordingly, in keeping with the appropriate equal division of assets in this case, we have modified the judgment so as to require the defendant wife to pay over to the plaintiff husband the sum of $18,000 from her share of the proceeds obtained from the sale of the marital home.

Additionally, we conclude that the court improperly denied the defendant wife's application for counsel fees on the ground that, after the marital assets were distributed, she would have sufficient funds to meet this obligation *(see,* Domestic Relations Law § 237). The issue of counsel fees is controlled by the equities and circumstances of each particular case *(Basile v Basile,* 122 AD2d 759, 760), and the court must consider the relative merits of the parties and their respective financial positions in determining whether an award is appropriate *(Borakove v Borakove,* 116 AD2d 683, 684). At the time of the trial in this case, the plaintiff husband was employed as vice-president of engineering for an electronics firm and was earning approximately $67,000 per year, while the defendant wife was earning $4 per hour as a nurse's aide. Although the defendant wife is to receive a substantial distribution of assets and adequate maintenance, we conclude that an award of $10,000 for counsel fees is warranted under the circumstances of this case.

With respect to the order entered February 8, 1988, we conclude that the Supreme Court erred in finding that the plaintiff husband's stock in Communications Techniques, Inc. was a gift to him and therefore was not marital property subject to equitable distribution. The plaintiff husband's testimony revealed that he had been offered the stock by a client as consideration for his work as a consultant, but he did not want to accept it at that time because of his employment. Instead, he directed that the stock be given to an old friend of his, Andrew McLaughlin. On February 8, 1985, a short time after the commencement of this divorce action, Mr. McLaughlin transferred the stock to the plaintiff husband. In April of

1985, the plaintiff husband elected not to include the stock in his statement of net worth, allegedly because he believed it was worthless. In July of 1986, he learned that Communications Techniques, Inc. was to be sold for between $12 and $13 million, and during the next month he received a check for $505,289.53. He ultimately received two more checks for a combined total of $534,554.53 as payment for the stock.

At the hearing, the plaintiff husband contended that McLaughlin transferred the stock to him as a gift. Given the circumstances, we reach a contrary conclusion. The plaintiff husband testified that he had directed that the stock be given to his old friend because he did not want to accept it at the time. The stock was later transferred to the plaintiff husband at an extraordinarily convenient time. It is apparent from the record that he controlled the stock and that its actual ownership was in him. It is equally disingenuous for the plaintiff husband to claim that he thought the stock was worthless at the time he completed his statement of net worth. The plaintiff husband is an electrical engineer with a Master's degree in business administration, and he is employed as an officer of a publicly owned company in the electronics industry. It strains credulity to conclude that, with this background, he seriously regarded Communications Techniques, Inc., an electronics firm, as worthless a scant 16 months before it was sold for $12 to $13 million.

Since the plaintiff husband was offered the stock as payment for work he performed, and exerted control over it during the course of the marriage, it was marital property which should have been equitably distributed (see, Domestic Relations Law § 236 [B] [1] [c]; [5] [d]). Inasmuch as the court properly found that the marital property should be distributed equally between the parties, the defendant wife is entitled to 50% of the net proceeds obtained from the sale of that stock. Inasmuch as the plaintiff husband has averred at oral argument that taxes were paid by him on these proceeds, we remit the matter to the Supreme Court for the calculation of the after-tax amount to which the defendant wife is entitled.

We have considered the remaining contentions of the respective parties and find them to be without merit. Bracken, J. P., Lawrence, Kooper and Sullivan, JJ., concur.