■ LINDA R., Respondent, v RICHARD E., Respondent, and IRVING SHAFRAN, Nonparty-Appellant.—In an action for a

divorce and ancillary relief, Irving Shafran, the former attorney of record for the plaintiff wife, appeals from (1) an order of the Supreme Court, Nassau County (Winick, J.), entered November 22, 1989, which, *inter alia,* denied his cross motion to fix additional compensation due him in the sum of $74,093.17 and to grant him a charging lien therefor, and (2) so much of the judgment dated December 15, 1989, as fixed the reasonable value of his services at $75,000 and directed the husband to pay the appellant the sum of $54,200 ($75,000 less $20,800 already paid) as and for counsel fees and expenses over a three-year period in three equal installments.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff-respondent payable by the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellant herein is the former attorney of record for the plaintiff wife in the underlying action for a divorce and ancillary relief. After a lengthy trial in the divorce action, the appellant requested the sum of $149,093.17 for counsel fees. The trial court rejected the appellant's request and fixed his fee at $75,000 less $20,800 that he had already been paid, leaving a balance of $54,200. When the plaintiff wife moved to substitute new counsel, the appellant cross-moved for a charging lien in the amount of $74,093.17 *(i.e.,* $149,093.17 less the $75,000 awarded by the court). The trial court granted the plaintiff wife's motion and granted the appellant's cross motion only to the extent of fixing his charging lien in the sum of $54,200 *(i.e.,* the balance of the counsel fee of $75,000 which remained unpaid). The appellant contends that this was error.

It is well settled that an award of counsel fees lies in the discretion of the court *(see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Majauskas v Majauskas,* 61 NY2d 481, 493-494). The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determin-

ing whether an award is appropriate *(see, Hackett v Hackett,* 147 AD2d 611, 613; *see also, Amodio v Amodio,* 122 AD2d 757, 759, *affd* 70 NY2d 5; *Basile v Basile,* 122 AD2d 759, 760).

Here, Justice Winick, who presided over the trial and numerous motions and pretrial conferences, based upon this first-hand experience, was in the best position to assess and adjudge the reasonable value of the appellant's services. We have considered the appellant's remaining contentions and find them to be without merit. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.