■ ANN D'AMATO, Appellant, v LOUIS D'AMATO, Respondent. [603 NYS2d 872] —In a matrimonial action in which the parties were divorced by a judgment dated December 10, 1979, the plaintiff mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 28, 1991, as, after a hearing, (a) directed her to pay child support in the sum of $77 per week, and (b) denied her application for counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced in 1979. The mother was granted custody of the children. In May 1988 the parties' last unemancipated child went to live with her father, the defendant. By order dated May 16, 1989, custody of that child was transferred to the defendant.

Contrary to the plaintiff's assertion, we find that the Supreme Court properly determined that the plaintiff should pay $77 per week to the defendant for child support. The defendant's request for an award of child support was appropriate, since the addition of the child to the father's household constituted a material change of circumstances (see, Matter of Alice C. v Bernard G. C., 193 AD2d 97; see, Levy v Levy, 143 AD2d 975). Furthermore, the Supreme Court properly applied the Child Support Standards Act (hereinafter CSSA) in determining the amount of child support. It has been recognized that in light of the paramount interests of children, the need for support, and because the CSSA represents important public policy, the CSSA should be applied to matters which were commenced prior to the effective date of the act, but which, as in the instant case, had not yet been fully decided (see, Matter of Fetherston v Fetherston, 172 AD2d 831).

In addition, we find that the Supreme Court properly determined that the plaintiff was not entitled to counsel fees. It is well settled that an award of counsel fees lies in the discretion of the court (see, Domestic Relations Law § 237 [a]; O'Brien v O'Brien, 66 NY2d 576; Majauskas v Majauskas, 61 NY2d 481). The issue of counsel fees is controlled by the equities and circumstances of each particular case. The determination of the Supreme Court was appropriate based upon the relative merits of the parties' legal positions and their respective financial positions (see, Hackett v Hackett, 147 AD2d 611; Amodio v Amodio, 122 AD2d 757, affd 70 NY2d 5). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.