■ MARTHA AMES, Respondent, v GARY AMES, Appellant. [622 NYS2d 774] —In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Geiler, J.), dated April 21, 1992, which denied his motion to clarify the decision of the Judicial Hearing Officer and stay entry of the proposed judgment, and (2) as limited by his brief, from stated portions of a judgment of the same court (Mellan, J.H.O.), entered September 23, 1992, which, *inter alia,* (a) awarded the plaintiff monthly child support in the sum of $1,196 until September 10, 1997, (b) awarded the plaintiff $4,500 in child support arrears, (c) directed the defendant to pay all health, medical, hospital, and dental expenses not covered by insurance, as long as each child is entitled to child support, (d) awarded the plaintiff maintenance of $100 each week until she receives her share of the proceeds from the marital residence, (e) awarded each of the parties one half of the proceeds from the sale of the marital residence, and (f) awarded the plaintiff $11,087.50 as counsel fees.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by (1) adding to the third decretal paragraph thereof, after the word "twenty one" the following: "and the defendant's obligation to pay child support shall terminate on September 17, 1999, when Jillian reaches her twenty-first birthday", (2) deleting from the fifth decretal paragraph thereof the words "Defendant shall pay for" and substituting therefor the following: "defendant shall pay 73.45% and the plaintiff shall pay 26.55% of", and (3) deleting the 14th decretal paragraph thereof and remitting the matter to the Supreme Court, Suffolk County, for the purposes of conducting a hearing to substantiate the time spent and the charges incurred on the billing statements submitted by the plaintiff's attorney, and to determine the portion of the plaintiff's legal fees to be paid by the defendant, if any, and for the entry of an appropriate amended judgment; as so modified, the judgment is affirmed insofar as appealed from without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the defendant's allegation that the trial court erred by failing to include in the judgment a termination date for the child support payments to the parties' daughter, Jillian. Under New York law, a parent is chargeable only for support of children under the age of 21 and therefore the judgment should reflect that the defendant's obligation shall continue only until his daughter's 21st birthday on September 17, 1999 (see, Genther v Genther, 180 AD2d 662).

As a general rule, parents should share the cost of their childrens' future reasonable health care expenses according to their respective incomes (see, Domestic Relations Law § 240 [1-b] [c] [5]; Sheehan v Sheehan, 152 AD2d 942, 943; Sassano v Sassano, 143 AD2d 893). Here, the respective parties, by their attorneys, stipulated to the amount of their incomes and therefore, these costs should be allocated so that the defendant pays 73.45% and the plaintiff pays 26.55% of the health, medical, hospital, and dental expenses not covered by insurance.

The defendant further contends that the trial court erred by

awarding the plaintiff $11,087.50 as attorney's fees. Although generally the issue of counsel fees is controlled by the equities and circumstances of each particular case *(see,* Domestic Relations Law § 237 [a]; *O'Brien v O'Brien,* 66 NY2d 576, 590; *Linda R. v Richard E.,* 176 AD2d 312, 313; *Hackett v Hackett,* 147 AD2d 611), we conclude that the defendant was denied a full and fair opportunity to challenge the charges incurred and the value of the legal services rendered when he was prevented from conducting a complete cross-examination of the plaintiff's attorney.

We have reviewed the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.