■ EUGENE LITMAN, Appellant, v PHYLLIS LITMAN, Respondent. [721 NYS2d 84] —Motion by the appellant for reargument of an appeal from a judgment of the Supreme Court, Nassau County, entered June 17, 1999, which was determined by decision and order of this Court dated August 21, 2000 [275 AD2d 393], and cross motion by the respondent to modify the decision and order of this Court to provide that her distributive share of the parties' marital assets is to be paid in one lump sum.

Upon the papers filed in support of the motion and the cross motion and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted to the extent that the decision and order of this Court dated August 21, 2000, in the above entitled action is recalled and vacated and the fol-

lowing decision and order is substituted therefor, and the cross motion is otherwise denied:

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered June 17, 1999, which, *inter alia,* (1) granted the defendant wife a distributive award of $454,570, representing, among other things, one-half of the value of his law practice and one-half of the value of the parties' "Alston-Soraj" investment, with prejudgment interest of 6% for the period of September 20, 1980, to June 26, 1981, and 9% for the period of June 27, 1981, to November 6, 1998, (2) directed entry of a Qualified Domestic Relations Order in his favor only in the sum of $26,411, representing one-half of the value of the defendant wife's pension, (3) directed entry of a Qualified Domestic Relations Order in favor of the defendant in the sum of $57,612.50, representing one-half of the marital value of his pension with interest at the statutory rate from the date of commencement of the action to the date of payment, (4) failed to reduce the pendente lite maintenance awarded to the defendant retroactive to April 7, 1989, and credit him with any overpayments, and (5) awarded counsel fees to the defendant in the sum of $28,944.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from a decision of the same court, dated November 5, 1998, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof granting the defendant a distributive award of $454,570, with prejudgment interest of 6% per annum for the period of September 20, 1981, to June 26, 1981, and interest of 9% per annum for the period of June 27, 1981, to November 6, 1998, and substituting therefor provisions granting (a) a distributive award of $299,182 with prejudgment interest of 6% per annum for the period of September 20, 1980, to June 26, 1981, and 7½% per annum for the period of June 27, 1981, to November 6, 1998, (b) a distributive award of $64,535 with prejudgment interest of 7½% per annum for the period of January 1, 1990, to November 6, 1998, and (c) a distributive award of $31,000 with no interest until November 6, 1998, (2) deleting the provision thereof directing the entry of a Qualified Domestic Relations Order in favor of the plaintiff in the sum of $26,411 representing one-half of the value of the defendant's pension and substituting therefor a provision awarding the

plaintiff the sum of $17,352.36 as his share of the defendant's pension to be credited as a lump sum against the defendant's distributive award, and (3) deleting the provision thereof directing payment of interest at the statutory rate on the defendant's distributive award of the plaintiff's pension and substituting therefor a provision directing the payment of interest at the rate of 7½% per annum; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Nassau County, to determine a schedule for the payment of the defendant's distributive award and entry of an appropriate amended judgment.

The Supreme Court providently exercised its discretion in awarding 50% of the value of the plaintiff's law practice to the defendant (see, Domestic Relations Law § 236 [B] [5]; White v White, 204 AD2d 825; Rosenberg v Rosenberg, 155 AD2d 428). The defendant testified that she supported the couple when the plaintiff was developing his practice, cared for the couple's four children, and contributed directly to the practice by performing typing and other services.

The Supreme Court also providently exercised its discretion in awarding 50% of the "Alston-Soraj" investment to the defendant, since the testimony indicated that neither party managed this passive investment (cf., Ullah v Ullah, 161 AD2d 699).

Contrary to the plaintiff's contention, he is not entitled to a credit for payments he made, both voluntarily and pursuant to a pendente lite order, to support the defendant and their children, including payment of the carrying charges of the homes in which they each resided (see, Petek v Petek, 239 AD2d 327, 328; Verdrager v Verdrager, 230 AD2d 786). The plaintiff should have sought a speedy trial to remedy any perceived inequity in the couple's financial arrangements (see, Sebag v Sebag, 256 AD2d 401). However, the Supreme Court should have reduced the distributive award to credit the plaintiff with his 50% share of the $85,000 that he paid to reduce the principal balances of the mortgages on those homes (see, MacDonald v MacDonald, 226 AD2d 596).

The Supreme Court properly determined the marital value of the defendant's defined benefit pension plan using actuarial present value as of the date of commencement of this action, rather than the date of trial. However, in light of the defendant's distributive award, the plaintiff should receive a lump sum distribution of his share of the defendant's pension, i.e., $26,411.50, rather than future periodic payments (see, Rodgers

*v Rodgers,* 98 AD2d 386). As conceded by the plaintiff, this sum must be further reduced by 34.3% for taxes, leaving a net award to the plaintiff of $17,352.36. In lieu of receiving this award the plaintiff should receive a credit against the distributive award payable to the defendant. Accordingly, the defendant's distributive award should be reduced by $17,352.36.

The Supreme Court properly declined to credit the plaintiff for expenses he incurred for two jointly-owned marital properties that were rented to third parties during the action. Although the plaintiff and his accounting expert testified that the plaintiff sustained losses renting those properties, which losses he covered using his separate property, he never provided the court or his expert with any original documents supporting his claim. Moreover, he was unable to state how much rent he received from the properties. Accordingly, the Supreme Court's determination is supported by a fair interpretation of the evidence (*see, Amara v Amara,* 243 AD2d 433, 434).

The Supreme Court providently exercised its discretion in awarding counsel fees to the defendant (*see,* Domestic Relations Law § 237 [a]; *Suydam v Suydam,* 203 AD2d 806, 811; *Hackett v Hackett,* 147 AD2d 611). Moreover, the Supreme Court providently exercised its discretion in awarding prejudgment interest on that portion of the defendant's distributive award representing assets that were valued at the time of the commencement of the action (*see,* CPLR 5001 [a]). However, in the exercise of discretion, we modify the date from which prejudgment interest is computed for the defendant's share of the "Alston-Soraj" investment, i.e., $64,535, by changing the date from which interest is computed from the date of commencement of the action to January 1, 1990, since the plaintiff received no cash distribution or income from the property until that approximate date. In addition, the defendant is entitled to interest only from November 6, 1998, on that portion of her distributive award representing the differential in the equity value of the real estate assets distributed in kind, i.e., $31,000 (*see,* CPLR 5001 [a]). Also, the prejudgment interest rate on the defendant's distributive award for her share of the plaintiff's pension is reduced from the statutory rate to $7^{1}/_{2}\%$ per annum (*see, Madonna v Madonna,* 265 AD2d 455).

Accordingly, the defendant's distributive award is reduced by the sum of (1) $42,500, representing one-half of the plaintiff's payments of principal on the mortgages for the residences in which the parties resided during the pendency of the action, and (2) $17,353, representing the lump sum distribution to the plaintiff of the defendant's pension. Further, the

award of prejudgment interest to the defendant on her share of the distributive award, except as hereinafter provided, should be computed at 6% from September 20, 1980, until June 26, 1981, and at 7½% for the period from June 27, 1981, through November 6, 1998. Prejudgment interest on the defendant's share of the "Alston-Soraj" investment shall be computed at 7½% from January 1, 1990, to November 6, 1998, and interest on that portion of the defendant's distributive award representing the differential in the equity value of the real estate assets distributed in kind, i.e., $31,000, shall be computed from November 6, 1998. S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.