■ JOANNE D. HNIS, Appellant, v MICHAEL T. HNIS, Respondent. [754 NYS2d 292] —In a matrimonial action in which the parties were divorced by a judgment entered May 20, 1988, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.H.O.), entered July 24, 2001, as granted the defendant's motion to enforce a separation agreement dated August 11, 1987, set May 22, 2000, as the valuation date of the former marital residence, directed her to pay the defendant the sum of $173,714 for his interest in the former marital residence, or in

the event that she did not make such payment within 90 days of the date of entry of the order, appointed the defendant the receiver to sell the property and distribute the proceeds, and denied her request for certain credits and offsets, including credits for payments made towards the mortgage on the former marital residence.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof denying the plaintiff a credit for payments she made towards the mortgage on the former marital residence, and substituting therefor a provision granting the plaintiff a credit in the sum of $76,404.06, representing 50% of the principal payments she made towards the mortgage on the former marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties entered into a separation agreement dated August 11, 1987, which provided, inter alia, that the plaintiff was responsible "to maintain possession, upkeep, and all expenses including the first mortgage payments" on the marital residence. The separation agreement called for the marital residence to be sold within one year of the entry of the judgment of divorce. The judgment of divorce was entered on May 20, 1988. However, neither party complied with the terms of the separation agreement and the plaintiff continued in possession of the former marital residence for another 11 years.

The defendant moved to enforce the provisions of the separation agreement concerning the disposition of the former marital residence and the distribution of the proceeds thereof. In opposition, the plaintiff sought a credit for certain improvements made to the former marital residence as well as for the substantial paydown of the mortgage.

The Supreme Court providently exercised its discretion in denying the plaintiff credits for all of the improvements made to the former marital residence (*cf. Mica v Mica,* 275 AD2d 765, 766-767). However, under the circumstances of this case, the Supreme Court should have reduced the amount of the payment representing the defendant's interest in the former marital residence by crediting the plaintiff with her 50% share of the $152,808.12 she paid to reduce the principal balance on the first mortgage on the former marital residence (*cf. Beece v Beece,* 289 AD2d 352, 353; *Litman v Litman,* 280 AD2d 520).

Accordingly, the amount to be paid to the defendant will be reduced by the sum of $76,404.06, representing 50% of the plaintiff's payments of principal on the mortgage on the former marital residence.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.