■ KAREN B. FRIEDMAN, Respondent, v NEIL S. FRIEDMAN, Appellant. [766 NYS2d 82] —In an action for a divorce and ancil-

lary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (LaMarca, J.), dated June 26, 2002, which, after a nonjury trial, inter alia, (1) directed him to pay to the plaintiff wife nondurational maintenance in the sum of $5,000 per month, retroactive to February 1, 2002, (2) directed him to pay 100% of the present and future educational loans of the parties' children, (3) directed him to reimburse the plaintiff the sum of $4,000 representing his contribution to a Bar Mitzvah account, (4) awarded counsel fees to the plaintiff in the sum of $30,000, and (5) failed to credit him for certain payments made during the pendency of the action.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting from the second and seventeenth decretal paragraphs thereof the words "sum of $5,000" and substituting therefor the words "sum of $3,000," and (2) adding thereto a decretal paragraph granting the defendant a credit in the sum of $3,421, representing 50% of the principal payments he made towards the first mortgage on the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

"In determining a party's maintenance obligation, a court need not rely solely on the party's own account of his or her finances, but may impute income based upon the party's past earnings or demonstrated earning potential" (*Maggi v Maggi,* 303 AD2d 650 [2003]; *see Mollon v Mollon,* 282 AD2d 659, 660 [2001]). Contrary to the defendant's contention, there is ample evidence in the record to support the imputation of income to him.

Further, the evidence supports the Supreme Court's finding that there was a great disparity between the defendant's and the plaintiff's income, and that the plaintiff's medical condition and lack of work experience justified an award of nondurational maintenance (*see Loeb v Loeb,* 186 AD2d 174 [1992]). However, upon consideration of the defendant's financial obligations pursuant to the judgment of divorce as well as each party's living expenses (*see Cerabona v Cerabona,* 302 AD2d 346 [2003]; *Nee v Nee,* 240 AD2d 478 [1997]), an award of $3,000 per month is proper.

The Supreme Court providently exercised its discretion in directing the defendant to pay counsel fees to the plaintiff's attorney (*see Palestra v Palestra,* 300 AD2d 288 [2002]).

Under the circumstances of this case, the Supreme Court

should have credited the defendant with his 50% share of the $6,842 he paid to reduce the principal balance on the first mortgage on the marital residence against the plaintiff's equitable distribution award (*see Hnis v Hnis,* 300 AD2d 629 [2002]; *Beece v Beece,* 289 AD2d 352 [2001]).

The defendant's remaining contentions either are without merit or not properly before this Court. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.