■ Solomon Mesholam, Appellant, v Isabelle Helene Mesholam, Respondent. [809 NYS2d 131]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Nassau County (Joseph, J.), dated March 5, 2003, as, after a nonjury trial, and upon a decision of the same court dated February 22, 2002, valued his pension at $859,084 for purposes of equitable distribution, directed that he pay pendente lite arrears in the amount of $31,746, failed to credit him for mortgage payments made on the marital residence, determined the value of the wife's license as a social worker to be $64,000 in enhanced earning capacity, and directed that he pay 60% of the wife's counsel fees.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by (1) adding thereto a provision reducing the wife's share of the proceeds from the sale of the marital residence by one-half of the total of the husband's payments of principal on the mortgage for that property from April 20, 2000, to August 29, 2001, (2) deleting the seventh and eighth decretal paragraphs thereof directing the husband to pay 60% of the wife's counsel fees, and (3) deleting from the second and third decretal paragraphs thereof the amounts relating to the husband's pension, the total assets, and the parties' respective shares of the assets; as so modified, the judgment is affirmed insofar as appealed from, with costs to the husband, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of money paid by the husband between April 20, 2000, and August 29, 2001, toward the principal balance of the mortgage on the marital residence, and for the entry of an appropriate judgment including the recalculation of the parties' interests in the husband's pension in accordance with the valuation date for that asset as determined herein.

Although trial courts have the discretion to select valuation dates "which are appropriate and fair under the particular facts and circumstances presented" (*Cohn v Cohn*, 155 AD2d 412, 413 [1989]), under the circumstances of this case, the selection of the commencement date of the instant action as the valuation date for the husband's pension was an improvident exercise of discretion. The appropriate date for valuation of his pension was September 7, 1994, the date of the divorce action previously commenced by the wife, which she discontinued voluntarily in August 1999. There is no evidence that the parties reconciled and continued to receive the benefits of the marital relationship after the prior action was commenced (*see Thomas v Thomas*, 221 AD2d 621 [1995]; *Lamba v Lamba*, 266 AD2d 515 [1999]).

The Supreme Court properly credited the wife with arrears accumulated under the pendente lite order in favor of the wife in the prior action. Such arrears related to the period prior to the discontinuance of the wife's prior action (*see Fotiadis v Fotiadis*, 18 AD3d 699 [2005]).

However, the Supreme Court should have reduced the wife's share of the proceeds from the sale of the marital residence by one-half of the total of the husband's payments of principal on the mortgage for that property from April 20, 2000, to August 29, 2001 (*see Litman v Litman*, 280 AD2d 520, 522 [2001]; *Palumbo v Palumbo*, 10 AD3d 680 [2004]; *Friedman v Friedman*, 309 AD2d 830 [2003]; *Hnis v Hnis*, 300 AD2d 629 [2002];

*Beece v Beece,* 289 AD2d 352 [2001]). Accordingly, we remit the matter for a determination of the amount of money paid by the husband between April 20, 2000, and August 29, 2001, the date the trial concluded, toward the principal balance of the mortgage on the marital residence.

We also conclude that the Supreme Court's award of counsel fees to the wife was an improvident exercise of discretion (*see Krutyansky v Krutyansky,* 289 AD2d 299 [2001]) in view of her abrupt discontinuance of the prior action which left the husband with no practical course but to commence a new action, her significant resources resulting from the equitable distribution of marital property, and the amount of maintenance awarded. Under the circumstances presented, the Supreme Court should have denied the wife's request for counsel fees (*see Zema v Zema,* 17 AD3d 360 [2005]; *Hathaway v Hathaway,* 16 AD3d 458 [2005], *lv denied* 6 NY3d 703 [2006]; *Matwijczuk v Matwijczuk,* 261 AD2d 784 [1999]; *D'Amato v D'Amato,* 198 AD2d 255 [1993]; *Ullah v Ullah,* 161 AD2d 699 [1990]; *Amodio v Amodio,* 122 AD2d 757 [1986], *affd* 70 NY2d 5 [1987]; *Migdal v Migdal,* 93 AD2d 857 [1983]).

The husband's remaining contentions are without merit. Cozier, J.P., Ritter, Goldstein and Lifson, JJ., concur.