■ HEATHER SEE, Appellant, v ROBERT W. SEE, Respondent, et al., Defendant. [845 NYS2d 745]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated July 10, 2006, as granted the defendant husband's motion to set May 5, 1993, the date of commencement of a prior, discontinued divorce action, as the valuation date of his business.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Where, as here, a prior matrimonial action seeking a divorce and ancillary relief has been withdrawn or discontinued, etc., and a new action for the same relief is subsequently commenced, this Court has engaged in a sui generis inquiry to determine whether the date of commencement of the first action or of the subsequent action should control as the date that marital property ceased to accrue" (Iwanow v Iwanow, 39 AD3d 471, 474 [2007]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendant's motion to set May 5, 1993, the date of commencement of a prior, discontinued divorce action, as the valuation date of his business, as opposed to using the commencement date of the instant action as the valuation date. There is no evidence that the parties reconciled and continued to receive the benefits of the marital relationship after the prior action was commenced (see Mesholam v Mesholam, 25 AD3d 670, 671 [2006]; Lamba v Lamba, 266 AD2d 515 [1999]; Thomas v Thomas, 221 AD2d 621 [1995]). Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.