[892 NE2d 846, 862 NYS2d 453]

SOLOMON MESHOLAM, Respondent, v ISABELLE HELENE MESHOLAM, Appellant.

Argued June 3, 2008; decided June 26, 2008

## POINTS OF COUNSEL

*Law Office of Glenn S. Koopersmith,* Garden City (*Glenn S. Koopersmith* of counsel), for appellant. The decision to value the pension as of the commencement of a prior discontinued action for divorce is improper as a matter of law because it extends

the court's discretion beyond the boundaries set forth in Domestic Relations Law § 236 (B) (4) (b). It is violative of public policy and inconsistent with the broad construction of marital property championed by this Court, which should cause this Court to reverse the relevant portion of the amended judgment on appeal. (*Anglin v Anglin,* 80 NY2d 553; *Matter of Ward v Ward,* 94 AD2d 908; *O'Connell v O'Connell,* 290 AD2d 774, *revd on other grounds sub nom. O'Connell v Corcoran,* 1 NY3d 179; *McAteer v McAteer,* 294 AD2d 783; *Cozza v Colangelo,* 298 AD2d 914; *Matter of Nicit v Nicit,* 217 AD2d 1006; *McMahon v McMahon,* 187 Misc 2d 364; *Match v Match,* 179 AD2d 124; *Thomas v Thomas,* 221 AD2d 621; *Iwanow v Iwanow,* 39 AD3d 471.)

*Charles E. Holster III,* Mineola, for respondent. I. Defendant-appellant's filing of an appendix and brief which include and discuss only plaintiff husband's notice of appeal from the Supreme Court's April 17, 2002 *decision,* rather than his subsequent notice of appeal from the March 5, 2003 *judgment* of divorce, upon which jurisdiction was acquired by the Appellate Division, was frivolous and misleading. (*People v Thompson,* 83 NY2d 477; *City of Albany v Yaras,* 6 NY2d 749; *Tausik v Tausik,* 9 NY2d 664.) II. Since defendant's application for leave to appeal specifically limited the issue she sought to have reviewed to one of statutory construction, she is bound by such limitation and may not raise the additional issue on this appeal of whether the decision of the Appellate Division constituted an abuse of discretion. (*Quain v Buzzetta Constr. Corp.,* 69 NY2d 376.) III. Defendant may not make the argument for the first time in this Court that the trial court's pension award should not be modified because it is inextricably linked to its maintenance award. (*Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Buchsbaum v Buchsbaum,* 292 AD2d 553; *Schildkraut v Schildkraut,* 223 AD2d 585; *Guskin v Guskin,* 18 AD3d 814; *Ahrend v Ahrend,* 123 AD2d 731.) IV. Plaintiff husband would be severely prejudiced if as a result of defendant wife's discontinuance of her 1994 divorce action she were to acquire a share of the increase in the value of the husband's pension between 1994 and 1999 that would otherwise have been his separate property. (*Giambrone v Giambrone,* 140 AD2d 206; *Wacholder v Wacholder,* 188 AD2d 130; *Kane v Kane,* 163 AD2d 568; *Thomas v Thomas,* 221 AD2d 621; *Cappa v Cappa,* 212 AD2d 1056; *Conklin v Wilbur,* 26 AD2d 666; *Schultz v Kobus,* 15 AD2d 382.) V. The Second Department's flexible, fact-sensitive approach is correct. (*Gonzalez v Gonzalez,* 240 AD2d 630; *Lamba v Lamba,* 266 AD2d 515; *Miller v Miller,* 304 AD2d 727, 100 NY2d 615;

*Anglin v Anglin,* 80 NY2d 553; *Match v Match,* 179 AD2d 124; *Martinucci v Martinucci,* 288 AD2d 444; *Marconi v Marconi,* 240 AD2d 641; *Tuccillo v Tuccillo,* 8 AD3d 660; *Janet B. v John B.,* 5 Misc 3d 1027[A], 2004 NY Slip Op 51584[U]; *Greisman v Greisman,* 14 Misc 3d 409.) VI. If this Court were to apply the law from the Third and Fourth Departments, defendant's share of plaintiff's pension should remain what it is, not increased, since the wife presented no evidence that she contributed in *any* way to the increase in value of the husband's pension. (*Richards v Richards,* 207 AD2d 628; *O'Connell v O'Connell,* 290 AD2d 774, *revd on other grounds sub nom. O'Connell v Corcoran,* 1 NY3d 179; *McMahon v McMahon,* 187 Misc 2d 364; *Musumeci v Musumeci,* 133 Misc 2d 139; *Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.,* 79 AD2d 516; *Matter of Cook v Carmen S. Pariso, Inc.,* 287 AD2d 208; *Lewis v Spies,* 43 AD2d 714.)

## OPINION OF THE COURT

PIGOTT, J.

The question is whether in this case the commencement of a prior, discontinued divorce action may serve as the valuation date for marital property for purposes of equitable distribution in a later divorce action. We hold that it may not.

The parties were married in 1969. The wife commenced an action for divorce in 1994. The husband answered, but did not counterclaim for divorce. Five years later, following long and contentious pretrial proceedings, the wife moved for permission to discontinue the action. The husband opposed the motion, and cross-moved to amend his answer to assert a counterclaim for divorce. Supreme Court granted the wife's motion to discontinue the action and denied the husband's cross motion.

Almost immediately, the husband commenced this action for divorce and ancillary relief. After finding that the husband was entitled to a divorce on the ground of constructive abandonment, Supreme Court held a bench trial to resolve disputed equitable distribution issues.

Supreme Court held that the husband's pension must be valued as of the commencement date of the present action, rather than the commencement date of the wife's 1994 action. Relying on Domestic Relations Law § 236 (B) (4) (b), the court reasoned that it was precluded from selecting a valuation date earlier than the commencement of the pending action. The court further observed that there was no evidence of "wrongdoing or

ill-motive" in the wife's election to discontinue the prior divorce action. After considering the duration of the marriage and the other statutory factors pursuant to Domestic Relations Law § 236 (B) (5) (d), Supreme Court determined that the marital property, including the marital portion of the pension, should be divided equally between the parties.

The Appellate Division modified the judgment of divorce, in part, and otherwise affirmed, holding that Supreme Court improvidently exercised its discretion in valuing the pension as of the commencement date of the present action. The court concluded that the "appropriate date for valuation" was the commencement date of the 1994 action because there was "no evidence that the parties reconciled and continued to receive the benefits of the marital relationship after the prior action was commenced" (25 AD3d 670, 671 [2006]).

We now modify the order of the Appellate Division and remit the matter to Supreme Court for further proceedings.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as all property acquired "during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action." Thus, in the absence of a separation agreement, the commencement date of a matrimonial action demarcates "the termination point for the further accrual of marital property" (*Anglin v Anglin*, 80 NY2d 553, 556 [1992]). The definition of marital property "should be construed broadly in order to give effect to the 'economic partnership' concept of the marriage relationship recognized in the statute" (*Price v Price*, 69 NY2d 8, 15 [1986] [emphasis omitted]). Once property is classified as marital or separate, the trial court has broad discretion to select an "appropriate date for measuring the value of [the] property" (*McSparron v McSparron*, 87 NY2d 275, 287 [1995]). However, the valuation date must be between "the date of commencement of the action [and] the date of trial" (Domestic Relations Law § 236 [B] [4] [b]).

In determining whether the commencement of a particular "matrimonial action" terminates the accrual of marital property, we have looked to "the overall legislative intent of the Domestic Relations Law and . . . the particular application of the equitable distribution regime" (*Anglin*, 80 NY2d at 556). In *Anglin*, this Court held that the commencement of a separation action does not cut off the accrual of marital property because such an action "does not, ipso facto, terminate the marital eco-

nomic partnership'' (*id.* at 554). Rather, ''[t]he economic partnership should be considered dissolved when a matrimonial action is commenced which seeks 'divorce, or the dissolution, annulment or declaration of the nullity of a marriage', i.e., an action in which equitable distribution is available'' (*id.* at 557, quoting Domestic Relations Law § 236 [B] [5] [a]). We observed that this rule ''provides internal consistency and compatibility and objective verification, as opposed to uneven, ephemeral, personal interpretations as to when economic marital partnerships end'' (*id.*).

For similar reasons, we conclude that the value of marital property generally should not be determined by the commencement of an action for divorce that does not ultimately culminate in divorce. Equitable distribution is available ''in an action wherein all or part of the relief granted is divorce'' (Domestic Relations Law § 236 [B] [5] [a]). Where there is no divorce, there can be no equitable distribution. Consequently, permitting the commencement date of the prior, unsuccessful divorce action to govern the valuation date of marital property for the purposes of a later, successful action in which equitable distribution is available would be inconsistent with the statutory scheme.

In short, we hold today that courts must use the commencement date of the later, successful action as the earliest valuation date for marital property. However, the circumstances surrounding the commencement of the earlier action can and should ''be considered as a factor by [the trial court], among other relevant factors, as [it] attempt[s] to calibrate the ultimate equitable distribution of marital economic partnership property acquired after the start of such an action by either spouse'' (*see Anglin*, 80 NY2d at 558).

Here, as Supreme Court concluded, the pension benefits are marital property to the extent that they were earned prior to the commencement of the present divorce action (*see Olivo v Olivo*, 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas*, 61 NY2d 481, 491 [1984]; *see also* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 424 [''Pension rights are determined as of date of commencement of action since rights earned subsequently cannot be considered marital property'']). As a result, the marital portion of the pension could not be valued at any time earlier than the commencement date (*see* Domestic Relations Law § 236 [B] [4] [b]).

Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be modified, with costs to defendant, and the matter remitted to Supreme Court for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Judgment appealed from and order of the Appellate Division brought up for review modified, etc.