■ Solomon Mesholam, Appellant, v Isabelle Helene Mesholam, Respondent. [897 NYS2d 215]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from stated portions of a second amended judgment of divorce of the Supreme Court, Nassau County (Ross, J.), entered December 12, 2008, and (2) from an order of the same court entered April 21, 2009, which denied his motion, inter alia, to modify, nunc pro tunc, any judgment entered upon a decision of the same court (Joseph, J.), dated February 22, 2002, "to the extent of eliminating certain internal inconsistencies regarding the Court's award to the wife of a distributive share of the marital portion of the husband's pension."

Ordered that the second amended judgment of divorce entered December 12, 2008, and the order entered April 21, 2009, are affirmed, with one bill of costs.

The parties were married in 1969 and have two emancipated children. On September 7, 1994, the wife commenced an action for divorce. She voluntarily discontinued the action on August 23, 1999. On August 24, 1999, the plaintiff husband commenced the instant action for divorce. The parties stipulated that the value of the plaintiff's pension was $402,694.63 as of the commencement date of the first action, and $859,083.68 as of the commencement date of the second action. Following a trial in 2001, the Supreme Court (Joseph, J.) determined that the appropriate date for valuation of the plaintiff's pension was the commencement date of the second action and that the marital property, including the plaintiff's pension, would be divided equally. Upon the plaintiff's appeal from the judgment of divorce dated March 5, 2003, this Court held that the appropriate date for valuation of the plaintiff's pension was the commencement date of the first action (see Mesholam v Mesholam, 25 AD3d 670, 671 [2006], affd as mod 11 NY3d 24 [2008]). Upon remittitur, the Supreme Court (Ross, J.) issued an amended judgment of divorce, entered July 31, 2007.

On appeal, by permission of the Court of Appeals, by the defendant from the amended judgment of divorce, the Court of Appeals held that "courts must use the commencement date of the later, successful action as the earliest valuation date for marital property. However, the circumstances surrounding the commencement of the earlier action can and should 'be considered as a factor by [the trial court], among other relevant factors, as [it] attempt[s] to calibrate the ultimate equitable distribution of marital economic partnership property acquired after the start of such an action by either spouse' " (*Mesholam v Mesholam*, 11 NY3d 24, 29 [2008], quoting *Anglin v Anglin*, 80 NY2d 553, 558 [1992]). The Court of Appeals, inter alia, remitted the matter to the Supreme Court, Nassau County, for further proceedings in accordance with the opinion.

Upon remittitur, the Supreme Court (Ross, J.), in an order dated September 4, 2008, denied the plaintiff's application for a hearing to consider the circumstances surrounding the commencement of the prior divorce action. The Supreme Court found that the record of the trial court was complete and that examination thereof, including the decision after trial dated February 22, 2002, revealed that evidence had been adduced concerning the circumstances surrounding the commencement of the earlier action and that the trial court had considered this factor, among others, in fashioning the award of equitable distribution.

We find no reason to disturb the Supreme Court's determination (*see* Domestic Relations Law § 236 [B] [5] [d]; *see also Steinberg v Steinberg*, 59 AD3d 702 [2009]; *Graves v Graves*, 307 AD2d 1022 [2003]; *Karounos v Karounos*, 206 AD2d 407 [1994]).

The plaintiff's contention, among others, that any judgment entered upon the decision after trial dated February 22, 2002, should be modified to eliminate certain alleged internal inconsistencies, could have been raised on the prior appeals. Accordingly, he waived appellate review of that issue (*see New York Tel. Co. v Supervisor of Town of Oyster Bay*, 35 AD3d 417 [2006]). Dillon, J.P., Florio, Dickerson and Lott, JJ., concur.