■ CHARLES KESSLER, Respondent, v FREDA KESSLER, Appellant. 991 NYS2d 43]—

Motion by the respondent for leave to reargue stated portions of an appeal from a judgment of divorce of the Supreme Court, Westchester County, dated September 28, 2011, which was determined by decision and order of this Court dated November 27, 2013. Cross motion by the appellant for leave to reargue stated portions of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the papers filed in support of the cross motion and no papers having been filed in opposition or in relation thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted to the extent that reargument is granted, upon reargument, the decision and order of this Court dated November 27, 2013 (*Kessler v Kessler*, 111

AD3d 895 [2013]), is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of divorce of the Supreme Court, Westchester County (Connolly, J.), dated September 28, 2011, as, upon a decision of the same court entered March 4, 2011, made after a nonjury trial, awarded the plaintiff a credit in the sum of $5,038.63 for 50% of the payments he made on the mortgage on the marital residence, awarded the plaintiff a credit in the sum of $28,330, representing 50% of the attorney's fees and taxes the plaintiff paid with regard to the settlement of an unrelated action, determined that the mortgage on the marital residence was valid, declined to award her maintenance, imputed income to her in the amount of $65,000 annually, directed her to pay the plaintiff the sum of $2,705.76 to equalize their retirement accounts, awarded her only 50% of the marital portion of the plaintiff's pension, failed to award her a credit for the payment of $20,000 of premarital debt, failed to award her a credit in the sum of $47,875 for the past wages portion of the settlement of the unrelated action, failed to determine that the plaintiff breached his fiduciary duty to her, failed to determine that the plaintiff dissipated marital assets, failed to direct an accounting, and equitably distributed the parties' marital property equally.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff a credit in the sum of $28,330, representing 50% of the attorney's fees and taxes the plaintiff paid with regard to the settlement of an unrelated action, and substituting therefor a provision awarding the plaintiff a credit of $15,696, representing 50% of the taxes paid on the settlement award, (2) by deleting the provision thereof imputing income to the defendant in the amount of $65,000 annually, and substituting therefor a provision imputing income to the defendant in the amount of $30,000 annually, and (3) by deleting the provision thereof declining to award the defendant maintenance; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a determination, in accordance herewith, of whether the defendant is entitled to an award of maintenance, and, if so, how much, and, if necessary, the entry of an appropriate amended judgment thereafter.

Contrary to the defendant's contention, under the circum-

stances of this case, an award of 50% of the parties' marital property to each of them constitutes an equitable distribution of that property (see Domestic Relations Law § 236 [B] [1] [d] [3]; [5] [c]; *Johnson v Chapin*, 12 NY3d 461 [2009]; *Caracciolo v Chodkowski*, 90 AD3d 801 [2011]). Further, the Supreme Court providently exercised its discretion in denying the defendant a credit for $20,000 of marital funds used to pay a premarital debt of the plaintiff. "The parties' choice of how to spend funds during the course of the marriage should ordinarily be respected," and the "[c]ourts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 421 [2009]; see *Caracciolo v Chodkowski*, 90 AD3d 801 [2011]).

In determining a maintenance obligation, a court need not rely on a party's own account of his or her finances (see *Friedman v Friedman*, 309 AD2d 830 [2003]; *Bell v Bell*, 277 AD2d 411 [2000]), but may, in the exercise of its considerable discretion (see *Lago v Adrion*, 93 AD3d 697 [2012]; *Matter of Julianska v Majewski*, 78 AD3d 1182 [2010]), impute income to a party based upon his or her employment history, future earnings capacity, and educational background (see *Lago v Adrion*, 93 AD3d 697 [2012]; *Friedman v Friedman*, 309 AD2d 830 [2003]), and what he or she is capable of earning, based upon prevailing market conditions and prevailing salaries paid to individuals with the party's credentials in his or her chosen field (see *Lago v Adrion*, 93 AD3d 697 [2012]; *Matter of Gebaide v McGoldrick*, 74 AD3d 966 [2010]). Upon consideration of these factors, we reduce the amount of annual income imputed to the defendant from $65,000 to $30,000.

Based upon our modification of the amount of the defendant's imputed annual income, the discrepancy between the parties' incomes will necessarily be larger than previously calculated. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of whether the defendant is entitled to an award of maintenance, based upon factors including the respective imputed income of the defendant, as recalculated, and the plaintiff, the parties' pre-divorce standard of living, and the financial resources of each, considered separately, balancing the defendant's needs with the plaintiff's ability to pay (see *Kover v Kover*, 29 NY2d 408 [1972]; *O'Brien v O'Brien*, 88 AD3d 775 [2011]; *Litvak v Litvak*, 63 AD3d 691 [2009]).

Additionally, the Supreme Court should not have awarded the plaintiff a credit in the sum of $12,634, representing 50% of the

attorney's fees paid in connection with the prosecution of an unrelated action which was settled in the defendant's favor. Since a significant portion of the settlement funds were ultimately determined to be marital property, the fees paid in connection with the prosecution of that action were marital debt (*see Iarocci v Iarocci*, 98 AD3d 999, 1000 [2012]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Balkin and Roman, JJ., concur.